STATE EX REL. PFLANZ, Appellant, v. COUNTY COURT OF
DANE COUNTY and others, Respondents.

*October 5—October 31, 1967.*

For the appellant there were briefs by *Lawton & Cates* and *Richard L. Cates* and *John H. Bowers,* all of Madison, and oral argument by *Richard L. Cates.*

For the respondents the cause was argued by *John P. Koberstein,* assistant district attorney of Dane county, and *Robert E. Sutton,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *James C. Boll,* district attorney.

HALLOWS, J. The sole question is whether under sec. 954.02 (2), Stats., it appears from the complaint that there is probable cause to believe Otto E. Pflanz, Jr., filed fraudulent tax returns. A complaint is a written statement of the essential facts constituting the offense charged and must be made upon oath before a magistrate or other person empowered to issue warrants of arrest; but the complaint besides alleging the offense must set forth facts showing probable cause before a warrant of an arrest may issue.[1]

Prior to 1949 when the provisions of the present sec. 954.02, Stats., were enacted the practice was for the magistrate to examine the complainant and his witnesses on oath and to reduce the charge to writing in the complaint if he thought there was probable cause. Much of the basis for the making of the complaint and which established probable cause was not included in the complaint and did not appear in the record because magistrates normally kept no record of such testimony and were not required to do so. This practice of taking oral testimony to satisfy the magistrate that probable cause existed is fully set forth and was held to meet constitutional standards in *State v. Davie* (1885), 62 Wis. 305, 22 N. W. 411, *Murphy v. State* (1905), 124 Wis. 635, 102 N. W. 1087.

---

[1] "954.02 **Complaint and warrant or summons; service; return.** (1) A complaint is a written statement of the essential facts constituting the offense charged and may be upon information and belief. It shall be made upon oath before a magistrate or other person empowered to issue warrants of arrest.

"(2) If it appears from the complaint that there is probable cause to believe that a crime has been committed and that the accused committed it, the magistrate shall issue a warrant or summons."

By ch. 631, Laws of 1949, a change of this criminal-law procedure was included in the Criminal Code revision and the procedure of executing a complaint and issuing a warrant for arrest thereon required that the complaint itself set forth the grounds for probable cause. In this respect sec. 954.02, Stats., was substantially taken from the Federal Rules of Criminal Procedure 3 and 4. See Platz, *The 1949 Revision of the Wisconsin Code of Criminal Procedure,* 1950 Wis. L. Rev. 28. However, in practice the complaint in many instances did not set forth completely the basis for probable cause. The district attorney generally made the decision to prosecute, prepared the complaint, and issued the warrant of arrest or if a magistrate did so he relied for the most part upon the judgment of the district attorney and in some cases of the police. Under this practice an independent judgment of probable cause by an independent magistrate was not often made. LaFave, Arrest, The Decision to Take a Suspect into Custody (1965), 33.

Thus the practice of issuing a warrant for an arrest based upon a complaint has been the source of some misunderstanding because of the dual nature served by the complaint. For instance in the instant case the crime charged is a misdemeanor, *State ex rel. Gaynon v. Krueger* (1966), 31 Wis. 2d 609, 143 N. W. 2d 437, and the complaint serves not only a charging function upon which the accused may be tried (sec. 954.036, Stats.) but also serves as a basis for his arrest. The practice in Wisconsin up to the time of *State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 137 N. W. 2d 391, emphasized the charging aspect of the complaint because of the major role played by the district attorney in deciding whether a person should be charged at all. Overlooked in importance was the requirement of probable cause for the issuance of the warrant of arrest.

Under the present practice of issuing warrants for arrest on complaints, two essentials are necessary: (1)

An independent and neutral magistrate to issue the warrant, and (2) a showing of facts and circumstances upon which the magistrate can make his own independent determination of probable cause. In *State ex rel. White v. Simpson, supra,* we stressed the independent and neutral position of a magistrate in determining probable cause for the arrest of a person and decided that the district attorney, while more objective than a police officer, was not a disinterested person to issue the warrant in a constitutional sense because he shared with the police the responsibility for the effective enforcement of the law.

The requirement of an independent and neutral magistrate to pass upon a complaint for the arrest of a citizen is found in the constitutional mandate that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." U. S. Const., fourth amendment; Wis. Const., art. I, sec. 11. While these constitutional provisions speak in terms of warrants for searches and seizures, they apply also to warrants of arrest. *Henry v. United States* (1959), 361 U. S. 98, 100, 80 Sup. Ct. 168, 4 L. Ed. 2d 134; *Giordenello v. United States* (1958), 357 U. S. 480, 78 Sup. Ct. 1245, 2 L. Ed. 2d 1503; *Ex parte Burford* (1806), 7 U. S. (3 Cranch.) 448, 2 L. Ed. 495; *McGrain v. Daugherty* (1927), 273 U. S. 135, 47 Sup. Ct. 319, 71 L. Ed. 580. While the constitution requires the issuance of an arrest warrant to be based on probable cause, it does not prescribe the procedure for determining it. Wisconsin has provided for the issuance of warrants other than upon complaints in situations where the person issuing the warrant of arrest presumably has knowledge of the probable cause.[2]

---

[2] These instances are listed in Dahl & Boyle, Procedure and the Law of Arrest, Search and Seizure 40, n. 5, as follows:

"As to warrants issued without complaint see: Sec. 962.21 Wis. Stats. (by magistrate where he has knowledge that a battery is about to be committed or that a fight is about to occur); Sec. 966.12 Wis. Stats. (by coroner where person charged by inquest

If, however, the arrest procedure under sec. 954.02, Stats., is used, then the underlying facts manifesting probable cause must be found in the written complaint. It is true in *State ex rel. White v. Simpson, supra,* at 595, it is stated: "The underlying facts need not be derived solely from the written complaint. Nevertheless, upon review it must appear that sufficient facts were brought to the magistrate's attention even though they are not contained in the written complaint." While at first blush this language does not square with sec. 954.02 (2), requiring probable cause to appear from the complaint, it is to be read to mean there must be sufficient facts in the complaint which are themselves sufficient or give rise to reasonable inferences which are sufficient to establish probable cause.

Since sec. 954.02, Stats., is taken from the Federal Rules of Criminal Procedure 3 and 4, the construction placed upon these rules by the United States Supreme Court in *Giordenello v. United States, supra,* and in *Jaben v. United States* (1965), 381 U. S. 214, 85 Sup. Ct. 1365, 14 L. Ed. 2d 345, is persuasive if not controlling upon what constitutes sufficient facts in the instant complaint to justify the finding of probable cause by a neutral and independent magistrate.

In *Giordenello* the complaint charged a crime of illegally purchasing narcotics. In holding the complaint did not measure up to the standards of Rule 4 of the Federal Rules of Criminal Procedure requiring the complaint to show probable cause, the court said, "The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made.

is not in custody); Sec. 253.22 (by county court where orders not performed); Sec. 954.20 (by court where material witness beyond subpoena); Sec. 955.02 Wis. Stats. (where indictment or information); Sec. 954.46 Wis. Stats. (where perjury)."

We think these deficiencies could not be cured by the commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer." 357 U. S. at 486.

The *Jaben Case* is directly in point. There, the complaint charged the filing of fraudulent income tax returns by the accused in violation of the federal law and the question was the sufficiency of the complaint to show probable cause. In concluding the basis stated in the complaint was adequate, the court pointed out that the complaint included the following: (1) The complainant was identified as a special agent of the internal revenue service, (2) that he investigated Jaben's tax liability for the year in question in the performance of his duties imposed upon him by law and that an examination was made of the tax returns for that year and other years, that the complainant identified and interviewed third parties with whom the taxpayer did business, consulted private and public records reflecting taxpayer's income and interviewed third parties having knowledge of the taxpayer's financial condition; and the complainant swore he had personal knowledge of the taxpayer's actual income because of his investigation.

The complaint in the instant case [3] admittedly does not contain all the source information of *Jaben*. It fails to

---

[3] (omitting formal parts) "Jack E. DeYoung, being duly sworn and examined on oath, complains to the undersigned Magistrate (Judge) (Court Commissioner) of the County of Dane, Wisconsin, that Otto E. Pflanz, Jr. AGE: 48 430 West Wisconsin Avenue Portage, Wisconsin on the 17th day of February, 1960, at the city of Madison, in said County of Dane, State of Wisconsin, did feloniously render a false and fraudulent Wisconsin Return of Income for the calendar year 1959, to-wit: the said defendant did report a net taxable income of $3,074.44, whereas in fact he had a net taxable income of $9,372.00;

"For a second and separate offense . . .
"For a third and separate offense . . .
"For a fourth and separate offense . . .
"For a fifth and separate offense . . .

identify the complainant as a person qualified to make the investigation and to form the opinion expressed therein, fails to establish that a sufficiently thorough investigation was made to permit anyone, no matter how qualified, to form a meaningful opinion, and it fails to establish under what circumstances the investigation was made. At most, the complaint states a man named DeYoung made an investigation of Pflanz's records and thus had personal knowledge that Pflanz had filed fraudulent income tax returns in that he reported net taxable income of X amount when he had a net taxable income of Y amount.

The *Jaben Case* did not lay down the maximum or ideal standards but merely the minimum. It requires a sufficient disclosure of the source of the complainant's information and knowledge and his identity and qualifications to enable the magistrate to satisfy himself that the conclusion or judgment of an expert in tax matters is probably correct. In *Jaben* three other justices of the supreme court would have required more foundation information in the complaint before a magistrate could accept the judgment of the complainant, but the majority opinion stated that information relating to a crime generally falls into two categories: "(1) that information

"** 2) and that this complaint is based on: personal knowledge of the complainant who made investigations of the defendant's records

"all of the above offenses

"against the peace, and contrary to the statute 71.11 (42) in such cases made and provided, as said deponent verily believes, and prays that the said defendant(s) above named may be arrested and dealt with according to law. Made pursuant to Section 954.02, Wisconsin Statutes.

"/s/ Jack E. DeYoung

"Subscribed and sworn to before me,
this 9th day of February, 1966
/s/ William C. Sachtjen
Magistrate (Judge) (Court Commissioner)"

which, if true, would directly indicate commission of the crime charged, and (2) that which relates to the source of the directly incriminating information." 381 U. S. at 223. The court further pointed out the crime of tax evasion was not subject "to putative establishment by blunt and concise factual allegations" but often "requires a reconstruction of the taxpayer's income from many individually unrevealing facts." 381 U. S. at 223, 224. Thus in the instant case, as in *Jaben,* the information would fall into the second category and the issue of probable cause rests on the adequacy of the basis given in the complaint for the conclusion of the complainant that the taxpayer's taxable income was an amount different than the amount he reported. This is the type of fact which cannot be physically observed and must rest on inferences and conclusions drawn from evidentiary facts.

This case is essentially different from *State ex rel. White v. Simpson,* a paternity case wherein the complainant from her own knowledge and experience knew she had had intercourse, with whom and was pregnant. The crime charged in the instant case does not rest upon the personal experience or observable evidence of the complainant but upon his opinion based upon facts discovered by his investigation of Pflanz's records. We think the complaint is wholly insufficient under our statute in its statement of the facts upon which an independent magistrate could find probable cause.

It is important that the magistrate who issues the warrant of arrest not only be neutral and independent but he must act in a neutral and a detached manner. The authorities are unanimous on this point. *Jaben v. United States, supra; United States v. Ventresca* (1965), 380 U. S. 102, 85 Sup. Ct. 741, 13 L. Ed. 2d 684; *Aguilar v. Texas* (1964), 378 U. S. 108, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723; *Giordenello v. United States, supra; Johnson v. United States* (1948), 333 U. S. 10, 68 Sup. Ct. 367, 92 L. Ed. 436; *Nathanson v. United States* (1933), 290 U. S. 41, 54 Sup. Ct. 11, 78 L. Ed. 159.

The issuance of a warrant of arrest is not a perfunctory judicial function or an administrative act under the constitution or our present statutes. *Glodowski v. State* (1928), 196 Wis. 265, 220 N. W. 227; *State v. Baltes* (1924), 183 Wis. 545, 198 N. W. 282. In *Glodowski,* at 269, we stated in reference to a complaint on information and belief:

"It follows that a search warrant cannot be issued upon a statement under oath based entirely upon information and belief, unless competent evidence of the facts which are the basis of the belief are stated, and unless those facts are sufficient to support a finding of probable cause. If the complaint contains a bare statement on information and belief, without giving the basis for the same, it permits the complainant to determine probable cause, rather than the magistrate, whose duty it is to perform this judicial function. 'The immunity guaranteed by the constitution should not be lightly set aside by a mere general declaration of a non-judicial officer that he has reason to believe and does believe, etc. The undisclosed reason may fall far short of probable cause.' "

The complaint does not give sufficient facts to allow a magistrate to reasonably infer probable cause. The identity and ability of DeYoung, his duty to investigate the tax status of Pflanz and the sufficiency of the investigation to disclose a crime cannot be reasonably inferred from the complaint even though judicial notice was taken of sec. 71.11 (44) (c), Stats. This section, used by the circuit court to find a sufficiency of the complaint, provides for secrecy of income tax returns but allows others besides agents and employees of the tax department to have access thereto. The section provides the following persons may also examine tax returns: Public officers of the state or political subdivision or their agents, members of any legislative committee or their agents, public officers of the federal government or their agents, and persons by virtue of a court order. It is not reasonable to infer that because one

has examined a tax return his identity is that of an employee or agent of the tax department. Furthermore, the complaint does not state that DeYoung examined any tax returns filed with the tax department but only that he investigated Pflanz's records. Without DeYoung's identity as a tax agent of the tax department his competency to determine a crime involving fraudulent tax returns is not established as a basis upon which an independent magistrate could accept his judgment that a crime had been committed. Likewise, the competency on the part of the complainant to make such a judgment cannot be inferred from the fact that the complaint sets forth exact dollar amounts of the actual net taxable income and the dollar amounts of the reported income. The correctness of these amounts cannot be inferred without first knowing the identity and the ability of the complainant and, conversely, cannot be assumed to infer his identity and ability.

It is noted that the present complaint is in an old form which was used prior to the change of the statute in 1949 and is to the effect that the complainant was examined by the magistrate under oath. This is no longer the practice and the present practice requires a complaint to state the facts evidencing probable cause. This may be done either directly in the complaint or indirectly by an affidavit setting forth the basis for the probable cause and made a part of the complaint by incorporation. In either event, the facts will be in the complaint and available on review if their sufficiency is challenged. This statutory requirement creates no burden but it does require more attention to be given to drafting complaints for arrest than was used in this case.

*By the Court.*—Judgment is reversed, with direction to make the writ of prohibition absolute.