STATE EX REL. EVANOW, Appellant, v. SERAPHIM, County Judge, Respondent.

*No. 150. Argued September 9, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 369.)

224

For the appellant there was a brief by *Howard G. Brown* and *Shellow, Shellow & Coffey,* all of Milwaukee, and oral argument by *Mr. Brown.*

For the respondent the cause was argued by *Harold B. Jackson, Jr.,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

ROBERT W. HANSEN, J. The sole question in this case is whether it appears from the written complaint that there is probable cause to believe that the relator is guilty

of burglary. Wisconsin statutory law requires that the complaint itself set forth the grounds for probable cause.[1] This differs from federal court procedures where supporting affidavits may be used for the showing of probable cause.[2]

This does not limit the right of the magistrate to ask questions and receive answers at the hearing before him to satisfy himself that probable cause does exist. However, when the adequacy of the written complaint is challenged, the Wisconsin statute requires that there must be facts in the written complaint which are themselves sufficient or give rise to reasonable inferences which are sufficient to establish probable cause.[3] Admittedly, the complaint in this case is no model of careful draftsmanship. Does it, however, meet the test of minimal adequacy, not in a hypertechnical but in a common sense evaluation, in setting forth the essential facts establishing probable cause?[4]

---

[1] Sec. 954.02, Stats. "(1) A complaint is a written statement of the essential facts constituting the offense charged and may be upon information and belief. It shall be made upon oath before a magistrate or other person empowered to issue warrants of arrest.

"(2) If it appears from the complaint that there is probable cause to believe that a crime has been committed and that the accused committed it, the magistrate shall issue a warrant or summons."

[2] Rules of Criminal Procedure for the United States District Courts.

"II. PRELIMINARY PROCEEDINGS. Rule 4. Warrant or Summons upon Complaint. (a) Issuance. If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it."

[3] State ex rel. Pflanz v. County Court (1967), 36 Wis. 2d 550, 557, 153 N. W. 2d 559.

[4] "Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached

Relator complains that the name of the complainant is given, but he is not identified as a police officer. On oral argument relator's counsel stated that he knew complainant to be a police officer, but argued such identification must be in the written complaint, citing the *Pflanz Case*.[5] However, in that case, the court pointed out that the charge of filing fraudulent state income tax returns fell into a special category of cases that "requires a reconstruction of the taxpayer's income from many individually unrevealing facts." In such special situation, the complainant's identity as a tax agent of the tax department became crucial as establishing the basis on which a magistrate could accept his judgment that a crime had been committed. The court referred to an earlier case involving paternity as "essentially different."[6] Here we deal with the charge of burglary, a readily comprehensible charge of breaking and entering to burglarize. We do not deal with any limited right to examine tax records or special competency to interpret "individually unrevealing facts." The fact, known to the relator, that complainant was a police officer is not an "essential fact" necessarily set forth in the complaint. Similarly, the objection, based upon the *Pflanz Case*, that there is no allegation by the complainant that ". . . he made any investigation" falls. If the statements of the two alleged coparticipants in the burglary had been made to the owner of the burglarized residence, she might well

---

function . . . . However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *United States v. Ventresca* (1965), 380 U. S. 102, 109, 85 Sup. Ct. 741, 13 L. Ed. 2d 684.

[5] *State ex rel. Pflanz v. County Court, supra,* pages 561–563.

[6] *State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 137 N. W. 2d 391.

have been the complainant. A police investigation is not a requirement for issuance of a warrant in every case.

Relator challenges the allegation in the complaint that complainant "believes the sources of said information to be truthful" as inadequate. However, we deal not only with facts stated but with reasonable inferences that can be drawn therefrom. The complaint makes clear that the information given to the complainant came from two named individuals who state that they entered the building with the defendant in the alleged burglary.[7] It is a reasonable inference that two individuals who implicate themselves as well as a third coparticipant in a crime are telling the truth. Admissions against one's interest are not inherently untrustworthy. That the self-implicators may be known criminals with long records does not destroy reasonableness of an inference of truthfulness. It would be too much to require that self-identified partners in a burglary be established to be pillars of the community or leaders in the scout movement before their admissions could be found to have the ring of truth. Defense counsel turns this argument around, contending that it ". . . offends any sense of fairness to give such credence to alleged felon codefendants without other confirmation." That issue as to credence or credibility is for the trial. The hearing as to probable cause before the magistrate is not a preliminary trial. It is not the proper forum to debate and determine issues as to credibility and weight of evidence once essential facts as to probability have been established.

---

[7] The complaint, in pertinent part, reads as follows: "Complainant further states that his information is based upon the statements of one Robert Horbinski and one Thomas Hosking, codefendants, who entered said premises with the said defendant and took property of Helen Kaszynski, person in lawful possession of said residence, that she gave the said defendant no consent to enter or take property. Said complaint further states that he believes the sources of said information to be truthful."

Finally, relator complains that statements in the complaint as to the offense committed "are made in the language of the statute with the addition of the time and place of the alleged offense."[8] The statute involved (sec. 943.10 (1) (a), Stats.) sets forth in language any lay person can understand what the crime of burglary involves.[9] We see no objection to the use of statutory language where it adequately states exactly what the defendant is charged with doing. As used here, the words used in the complaint are a clear and complete description of exactly what the defendant is alleged to have done. He is informed of the exact nature of the charge against him, and that is a primary purpose of the written complaint in criminal cases.

The relator under the Wisconsin statute involved is entitled to have set forth in a written complaint the "essential facts" constituting the offense charged. This does not entitle him to some encyclopedic listing of all evidentiary facts upon which the state intends to rely for his conviction. It requires only that essential facts be set forth, preferably concisely and certainly clearly.

In university journalism classes, students are taught that the lead paragraph to a news story must be made ". . . complete and clear through answering the questions that immediately arise—the so-called 'Five W's'—

---

[8] The complaint, in pertinent part, reads as follows: "that Lionel John Evanow, the above-named defendant on the 23rd day of October, A. D., 1967, in the County of Milwaukee, Wisconsin, in company with others, did feloniously intentionally and burglariously enter a building, to-wit: the residence located at No. 3710 South 36th Street, in the City of Milwaukee, in said County, without the consent of the person in lawful possession of said residence and with intent to steal therein, contrary to Section 943.10 (1) (a) of the statutes . . . ."

[9] Sec. 943.10 "Burglary. (1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony therein may be imprisoned not more than 10 years:

"(a) Any building or dwelling."

what, who, where, when, why." [10] It is such basically essential queries that a criminal complaint is statutorily expected to answer. What is the charge? Who is charged? When and Where is the offense alleged to have taken place? Why is this particular person being charged? Actually, there is a sixth "W." As the journalism professor puts it, "Unless the source (of the news) is obvious, the reader always asks at once, 'Who says so?'" [11] Where a complaint is filed on the basis of information and belief, this requires setting forth of enough underlying facts to permit the reasonable inference that the sources of information are probably truthful. [12] In this case, we think that the underlying circumstances are clearly inferable. We do not deal here with what a magistrate is entitled to insist upon having before him at a hearing as a prerequisite to his finding probable cause that an offense has been committed by a relator. We deal here with what the relator is entitled to have included in a criminal complaint to comply with the statute and entitle the state to proceed. We hold that the essential facts are set forth in this complaint making clear to the relator that he is charged with a crime, what the crime is, when and where the offense is alleged to have taken place, why he is believed to have committed the burglary and who said so.

*By the Court.*—Order affirmed.

---

[10] *Newspaper Reporting,* by Grant Milnor Hyde, Prentice-Hall (1952), p. 53.

[11] *Newspaper Reporting, id.* at page 55.

[12] "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 U. S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States,* 376 U. S. 528, was 'credible' or his information 'reliable.'" *Aguilar v. Texas* (1964), 378 U. S. 108, 114, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723.