STATE, Respondent, v. WILLIAMS, Appellant.

*No. State 96.  Argued May 1, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 611.)

244

For the appellant there were briefs by *Arneson, Berg & Doyle* and *Patrick R. Doyle,* all of La Crosse, and oral argument by *Patrick R. Doyle.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Burleigh Randolph,* district attorney of La Crosse county.

HEFFERNAN, J.   The defendant has raised 22 questions for appellate resolution. The first 10 questions challenge the trial court's jurisdiction over his person, and, in the main, contest the legality of his arrest. The remaining 12 raise questions regarding the reasonableness of the apartment search and marijuana seizure, the propriety of denying a motion for a second change of venue, the admissibility of inculpatory statements made the day following defendant's arrest, the propriety of the state's cross-examination of the defendant, and the procedure used in selecting the jury. If the initiation of the proceedings was such that the original warrant for Herbage failed to confer jurisdiction and that failure vitiated subsequent action, this court need not consider the questions raised that go beyond jurisdiction.

## Legality of defendant's arrest

It cannot seriously be argued, assuming a legal occasion for being in the apartment, that the police lacked

probable cause to arrest Williams for possession of marijuana. Upon entry, police found the defendant in his bedroom a short distance from his roommate, Herbage, who had on his lap an open tinfoil package of what appeared to be marijuana. Probable cause for an arrest is less than that required for a bindover and is less than the quantum of evidence necessary for a criminal conviction. *State v. Knoblock* (1969), 44 Wis. 2d 130, 134, 170 N. W. 2d 781. In *State v. Dodd* (1965), 28 Wis. 2d 643, 137 N. W. 2d 465, we found the evidence sufficient to sustain a conviction for possession of heroin, where, pursuant to a search warrant, police forced their way into an apartment finding the defendant and his wife in the bedroom, a bulb and an eyedropper on the floor (later found to contain heroin residue) and tinfoil packages containing a white powdery residue in the bathroom. We held that actual physical possession was not required to sustain a conviction and that it was "sufficient if the defendant has constructive possession or is 'within such juxtaposition' to the narcotic as to justify a finding of possession." *Dodd, supra,* at 649, 650. The circumstances of the instant case were sufficient to give officers of the La Crosse police department probable cause to arrest the defendant for possession or control of marijuana.

However, justified as the finding of probable cause for the arrest of the defendant may have been, the fact that the arrest was occasioned by the police entry into the apartment requires this court to scrutinize the entry, for, if the entry were illegal, defendant's arrest was the " 'fruit' of official illegality" (*Wong Sun v. United States* (1963), 371 U. S. 471, 485, 83 Sup. Ct. 407, 9 L. Ed. 2d 441) and cannot be the basis for the criminal proceedings which resulted in the defendant's conviction. In *Browne v. State* (1964), 24 Wis. 2d 491, 506, 129 N. W. 2d 175, 131 N. W. 2d 169, Mr. Justice WILKIE, speaking for this court, stated:

"To say that as long as probable cause appears at any time during the course of the police conduct the arrest is valid would be to permit the police to enter every home in the community as a part of a general dragnet operation and make observations, and then if such observations yielded sufficient evidence of probable cause, execute 'valid' arrests. This would defeat the values which the Fourth amendment and sec. 11, art. I, seek to protect."

It should be noted at this point that, contrary to the contention of the state, defendant carefully preserved the question of the legality of the entry into his apartment by making timely and proper objections. At the outset of the preliminary hearing, counsel for the defendant addressed the court:

"Your Honor, before we proceed, I would like to make a motion to dismiss the case because the court does not have jurisdiction through invalid arrest warrant on these authorities. I realize this court is the one that authorized the warrant so is unlikely to consider my motion, but I would like to make it for the record."

At the close of the preliminary hearing, counsel stated:

"Well, your Honor, I renew my position I made as to jurisdiction. I think this testimony if anything shows no probable cause to arrest Mr. Williams if he was properly arrested and I renew my objection that I made and further feel the court that if the court is familiar with the rules of the cases I have cited, that he well knows all the evidence offered here is mainly inadmissible."

In addition, defendant's prearraignment written motion to dismiss challenged the court's jurisdiction over the defendant "because of defects in institution of proceedings." The affidavit in support of said motion read in part:

"That said warrant issued against James Herbage has been improperly issued without satisfactorily showing of probable cause as required by Article I, Sections

8 and 11 of the Constitution for the State of Wisconsin and Amendments Fourteen and Four of the Constitution for the United States. That observations gained through entry pursuant to the authority of said warrant constitutes the only basis for the arrest of David Wiliams giving authority for the State of Wisconsin to interfere with the liberty of David Williams and to cause him to answer to the above named complaint."

At the arraignment defendant stood mute, and Judge NEPRUD, recognizing defendant was not waiving "any of his rights for numerous motions," entered a plea of not guilty for the defendant. Subsequently, another motion for dismissal was interposed, again contesting the court's jurisdiction over the defendant. Counsel stated, "His arrest was illegal and in violation of the Fourth Amendment to the Constitution of the United States." The question of the legality of the entry is properly before this court.

The authority for the entry by the police on October 10, 1967, was the arrest warrant for defendant's roommate, James Herbage, issued earlier that day by Judge RORAFF upon a complaint signed by Lt. Ray Lichtie of the La Crosse police department. The legality of the entry turns upon the propriety of the issuance and execution of said warrant.

### Execution of the Herbage warrant

The problem of execution of warrants was discussed in *Morales v. State* (1969), 44 Wis. 2d 96, 170 N. W. 2d 684. Therein, the defendant questioned the force used by an officer to enter his apartment in execution of a search warrant. Writing for the court, Mr. Justice HANLEY stated, ". . . a police officer must identify himself and his purpose and, except under special circumstances, allow time for the door to be opened." *Morales, supra,* at 106.

In the instant case, affidavits of the defendant and Patrick Boutch, who went to the door upon the arrival of the police, are in conflict with Lt. Lichtie's statement at the preliminary hearing as to whether the officers identified themselves. The state's brief suggests that the officers had no time to announce their purpose because Boutch attempted to close the door in their faces. The question of proper execution of the Herbage arrest warrant was raised by pretrial motion, and Judge TWESME ruled that, under the circumstances, the execution of the warrant was reasonable. The conflicting evidence relating to the entry was before him. His findings were not contrary to the great weight and clear preponderance of the evidence, and will not be disturbed by this court. The question remains, however, of whether the warrant for Herbage was void *ab initio,* and hence the subsequent entry and execution of the warrant failed to confer jurisdiction for the arrest and subsequent conviction of Williams.

### *Issuance of the Herbage arrest warrant*

The fourth amendment to the United States Constitution and art. I, sec. 11, of the Wisconsin Constitution declare that "no warrant shall issue but upon probable cause." The probable cause requirement has been codified in sec. 954.02 (2), Stats.:

"If it appears from the complaint that there is probable cause to believe that a crime has been committed and that the accused committed it, the magistrate shall issue a warrant or summons."

In *State ex rel. Pflanz v. County Court* (1967), 36 Wis. 2d 550, 557, 153 N. W. 2d 559, we specified, "the underlying facts manifesting probable cause must be found in the written complaint." Clarifying the language used earlier in *State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 137 N. W. 2d 391, we stated:

". . . there must be sufficient facts in the complaint which are themselves sufficient or give rise to reasonable inferences which are sufficient to establish probable cause."

In *State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 444, 173 N. W. 2d 175, we stated:

"The information presented to the magistrate by the complaint, affidavit, or testimony must be sufficient for him to conclude that 'the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.' "

In view of the careful explication in *Pflanz, supra,* of the requirement that probable cause be shown by sufficient facts in the *complaint* or that the facts therein give rise to reasonable inferences sufficient to establish probable cause, we withdraw the language of *Cullen* which led to the conclusion that probable cause can be established *de hors* the complaint. Only if affidavits or transcripts of testimony are specifically incorporated by reference in the complaint and made a part of it can they be used to show probable cause for issuance of a warrant. If testimony at the hearing is to be used, the complaint, of course, must be revised to incorporate the pertinent portions.

The complaint herein, upon which the warrant for the arrest of Herbage was based, contains no facts, but, rather, repeats the language of the statute allegedly violated. Sec. 161.275 (1), Stats., reads:

"It is unlawful for any person to . . . have control of . . . [or] possess . . . marijuana or hemp or the leaves or seeds thereof . . . for . . . smoking purposes."

The complaint upon which the Herbage arrest warrant was based reads:

"Ray Lichtie being duly sworn, complains on oath on information and belief that James Herbarge [sic] on the 10th day of October, 1967 at City of La Crosse in La

Crosse County State of Wisconsin did have control of or possess marihuana or hemp or the leaves or seeds thereof, for smoking purposes, contrary to Section 161.275, Wisc. Stats. against the peace and dignity of the State of Wisconsin . . . ."

To hold that the above complaint demonstrates probable cause would circumvent the fourth amendment and would be tantamount to holding a complaint sufficient to withstand challenge as long as the language of the criminal statute allegedly violated is correctly and accurately recited.

A similar problem was faced by the United States Supreme Court in *Giordenello v. United States* (1958), 357 U. S. 480, 487, 78 Sup. Ct. 1245, 2 L. Ed. 2d 1503, wherein the court found a complaint deficient where it did no more than recite the statutory elements of the crime charged. That court stated:

"Indeed, if this complaint were upheld, the substantive requirements would be completely read out of Rule 4 [substantially the same as sec. 954.02 (2), Wis. Stats.], and the complaint would be of only formal significance, entitled to perfunctory approval by the Commissioner. This would not comport with the protective purposes which a complaint is designed to achieve."

The deficiency in this complaint is, of course, not what was in it but what is omitted. The use of statutory language is not proscribed, nor do we seek to have drafters of complaints search out recondite synonyms for the clear statutory language that was carefully selected by the legislature. Rather, a constitutionally sufficient complaint must contain the "essential facts" constituting the offense charged.

Mr. Justice ROBERT W. HANSEN set forth the requirements for a constitutionally sufficient complaint in *State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 229, 230, 161 N. W. 2d 369:

"In university journalism classes, students are taught that the lead paragraph to a news story must be made '. . . complete and clear through answering the questions that immediately arise—the so-called "Five W's"—what, who, where, when, why.' It is such basically essential queries that a criminal complaint is statutorily expected to answer. What is the charge? Who is charged? When and Where is the offense alleged to have taken place? Why is this particular person being charged? Actually, there is a sixth 'W.' As the journalism professor puts it, 'Unless the source (of the news) is obvious, the reader alway asks at once, "Who says so?" ' "

The state argues that probable cause for the issuance of the Herbage arrest warrant, while not found in the complaint, was demonstrated at the hearing before the magistrate. In *State ex rel. Evanow v. Seraphim, supra,* we recognized the right of the magistrate to ask questions and receive answers at the hearing to satisfy himself of the existence of probable cause. However, it was not this court's intention that the transcript of the hearing substitute for the requirement that the complaint recite probable cause. We stated therein:

". . . when the adequacy of the written complaint is challenged, the Wisconsin statute requires that there must be facts in the written complaint which are themselves sufficient or give rise to reasonable inferences which are sufficient to establish probable cause." *Evanow, supra,* at 226.

Even the hearing, which the state asks that we look to for a demonstration of probable cause, fails to satisfy the minimal requirements. Even though ample evidence of probable cause were to appear in the transcript of a hearing before a magistrate, such evidence will not cure the deficiencies of a constitutionally inadequate complaint. It appears from the transcript that the police based their suspicions upon two sources. Lieutenant Lichtie testified at the hearing that:

"Mr. Herbage came to the attention of the police department about a week ago and at this time he moved from a room that he had at 309½ South 21st and in the process of moving Mr. Herbage dropped some leaf material or plant material."

The material was subsequently determined to be marijuana. Lichtie further testified that an informant, who wished to remain anonymous, had contacted him the night before the hearing for the issuance of the warrant and told him of his getting possession of marijuana "through a man by the name of James." Lichtie stated the informant came to his office the day of the hearing and related "he was offered an opportunity to purchase from James Herbage a quantity of marihuana." Shortly thereafter, the informant called Lichtie, stating he had been in the apartment at 125½ North Third Street and had seen seven or eight packages of what appeared to be marijuana and that Herbage had offered to sell him one pound for $80.

From the hearing testimony, it is clear that the only two grounds which would have arguably supported a finding of probable cause were the information which "came to the attention of the police" a week prior to the hearing and the subsequent information from the anonymous informant. No facts appear of record to show how the week-old information "came to the attention of the police." Assuming the week-old information was hearsay, the reliability thereof must be demonstrated. *State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 445, 173 N. W. 2d 175. Evidence of reliability must appear in regard to an anonymous informer as well.

In *Cullen,* we relied upon *Spinelli v. United States* (1969), 393 U. S. 410, 89 Sup. Ct. 584, 21 L. Ed. 2d 637, the most recent United States Supreme Court statement on the reliability of hearsay information. However, the instant case, having been tried in 1968, requires the

application of pre-*Spinelli* principles. These pre-1969 standards imposed less stringent standards upon law enforcement officers. In *Aguilar v. Texas* (1964), 378 U. S. 108, 109, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723, the court had occasion to scrutinize an affidavit upon which a Texas search warrant had been issued. The affidavit read in part:

" 'Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law.' "

Rejecting the sufficiency of the above affidavit for the purposes of demonstrating probable cause, the court stated:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 U. S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States,* 376 U. S. 528, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime.' *Giordenello v. United States, supra,* at 486; *Johnson v. United States, supra,* at 14, or, as in this case, by an unidentified informant." *Aguilar, supra,* at 114, 115.

In the instant case, no "underlying circumstances" regarding the week-old information were related. Certainly, the claim that something "came to the attention of the police department" is insufficient for a neutral and detached magistrate to draw an inference of prob-

able cause. Similarly, in the case of the anonymous informant, no "underlying circumstances" bearing upon his credibility or reliability were proffered. All that appears in the record is the complaining officer's opinion that the informant was reliable:

"*Court:* Do you consider the information given to you by this informant to be reliable?
"*Lt. Lichtie:* Yes, I do."

This is exactly the situation *Aguilar* sought to avoid—the police officer's judgment replacing that of the neutral, detached magistrate in determining probable cause. *See* 3 University of San Francisco Law Review, *Use of Informers* (1968), pp. 187, 188–192, and 45 Denver Law Review (1968), *McCray v. Illinois: Probable Cause and the Informer Privilege,* pp. 399, 405–412, for discussions of the "underlying circumstances" required by *Aguilar.*

Since the warrant for the arrest of Herbage failed to comply with the minimum requirements of the fourth amendment, we conclude that the entry into the apartment was without proper legal sanction. Defendant's warrantless arrest, having been occasioned by the illegal entry, must also be said to have been illegal and without properly conferred jurisdiction, and both the evidence seized incident thereto and the statements made by the defendant while in custody the day following his arrest may not be used against him.[1] Having found the illegality of defendant's arrest sufficient to reverse his conviction, we do not reach defendant's other allegations of error.

*By the Court.*—Judgment reversed.

HANSEN, ROBERT, W., J., dissents.

---

[1] Our holding herein does not preclude conviction following an illegal arrest where the origin of the incriminating evidence is sufficiently independent of the illegal arrest. In *Wong Sun v. United States, supra,* at 491, an arrest found illegal for want of probable cause did not affect the admissibility of a confession

ROBERT W. HANSEN, J. (*dissenting*). As it must,[1] the written complaint here informed the defendant of the exact nature of the charge brought against him. As it may,[2] it used the language of the statute in doing so. At the hearing, as he should,[3] the magistrate determined the basis of the arresting officer's knowledge and the reliability of his informers. Considered together, as they should be under the language of a decision I believe should not be withdrawn,[4] the written complaint and hearing transcript clearly and completely established probable cause for the issuance of the warrant charging defendant with possession of marijuana for smoking purposes. I would affirm.

made several days later upon the defendant's voluntary return after his arraignment and release on his own recognizance. The court stated that "the connection between the arrest and the statement had 'become so attenuated as to dissipate the taint.' *Nardone v. United States,* 308 U. S. 338, 341."

[1] ". . . the words used in the complaint are a clear and complete description of exactly what the defendant is alleged to have done. He is informed of the exact nature of the charge against him, and that is a primary purpose of the written complaint in criminal cases." *State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 229, 161 N. W. 2d 369.

[2] ". . . relator complains that statements in the complaint as to the offense committed 'are made in the language of the statute with the addition of the time and place of the alleged offense.' The statute involved . . . sets forth in language any lay person can understand what the crime of burglary involves. We see no objection to the use of statutory language where it adequately states exactly what the defendant is charged with doing." *Ibid.*

[3] "This does not limit the right of the magistrate to ask questions and receive answers at the hearing before him to satisfy himself that probable cause does exist." *Id.* at page 226.

[4] "The information presented to the magistrate by the complaint, affidavit, *or testimony* must be sufficient for him to conclude that 'the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.'" *State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 444, 173 N. W. 2d 175. [Emphasis supplied.]