STATE, Appellant, v. KNUDSON, Respondent.

*No. State 45. Argued April 2, 1971.—Decided June 2, 1971.*
(Also reported in 187 N. W. 2d 321.)

272

For the appellant the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Robert J. Ruth,* district attorney of Rock county.

For the respondent there was a brief by *Tod O. Daniel* and *Campbell, Brennan, Steil & Ryan,* all of Janesville, and oral argument by *Mr. Daniel.*

WILKIE, J.   Two issues are presented here:

1. Does the complaint sufficiently establish the reliability of the "information" on which the complainant based his "belief"?

2. If so, was defendant-respondent improperly denied the right to call witnesses at the preliminary hearing?

*The complaint.*

The trial court dismissed the complaint because it was

". . . obvious that no reliability of the informant to the complainant appears in the complaint, nor does the name of said informant."

It is now well settled that when the complaint is based on other than eyewitness observations of the complainant himself, the reliability of the "information" on which he bases his "belief" must be established. A complaint may be based on hearsay, but the reliability of the hearsay information must be established.[2] There must be something in the complaint which shows why the informant should be believed.

This court has recognized the two-pronged test set down by the United States Supreme Court in *Aguilar v. Texas*,[3] and reaffirmed in *Spinelli v. United States*:[4]

"In *Aguilar v. Texas, supra,* the supreme court established certain guidelines concerning the quantum of evidence which the officer must possess and present to the magistrate in order to establish sufficient probable cause to authorize the issuance of a warrant based upon hearsay information. Simply stated, the two-pronged test of *Aguilar* requires that the officer must establish: (1) The underlying circumstances from which he concludes that the informant is reliable; and (2) that the underlying circumstances or manner in which the informant obtained his information is reliable."[5]

---

[2] *State ex rel. Cullen v. Ceci, supra,* footnote 1.

[3] (1964), 378 U. S. 108, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723.

[4] (1969), 393 U. S. 410, 89 Sup. Ct. 584, 21 L. Ed. 2d 637.

[5] *State v. Paszek* (1971), 50 Wis. 2d 619, 627, 184 N. W. 2d 836. *See also: State ex rel. Cullen v. Ceci, supra,* footnote 1; *State v. Williams* (1970), 47 Wis. 2d 242, 177 N. W. 2d 611.

In *State v. Williams* [6] we concluded that these "underlying circumstances" must be established from the complaint itself, including, "affidavits or transcripts of testimony [which] are specifically incorporated by reference in the complaint and made a part of it . . . ." [7] The statement here was "incorporated by reference." The state made no attempt to use the actual statement to show probable cause, and the sufficiency of the complaint must be tested, therefore, without reference to the statement of Susan Lien. The complaint must be considered in its entirety, and be given a common sense reading. [8] The applicable standard in reviewing the complaint is "the probability, and not a prima facie showing, of criminal activity . . . ." [9]

It is evident from a common sense reading of this complaint that the primary and essential source of information on which the complainant relies is the written statement of the alleged victim, Susan Lien, which the complainant (Police Chief Luers) read. Therefore, it is to this information the two-pronged test of *Aguilar* must be applied.

a. What "underlying circumstances" set out in the complaint establish that Susan Lien was herself a reliable informant?

First, Susan Lien was an eyewitness to the facts set down in her statement and consequently, those alleged in the complaint.

In *State ex rel. Cullen v. Ceci, supra,* this court stated:

"Here the fact is that the complaint shows that all whose information was relied upon were eyewitnesses to the portion of the event they related to the sworn complainant. If hearsay is to be credited at all for this

---

[6] *Supra,* footnote 5.

[7] *State v. Williams, supra,* footnote 5, at page 252.

[8] *Spinelli v. United States, supra,* footnote 4.

[9] *Id.* at page 419. *See also: State v. Paszek, supra,* footnote 5.

limited purpose, what better basis can there be than that of eyewitness testimony." [10]

Second, Susan Lien was the victim of the criminal activity alleged in the complaint. In *Paszek, supra,* this court distinguished the ordinary citizen informer from the more usual police informer, who often has his own personal benefit in mind, and who usually remains unidentified:

"A different rationale exists for establishing the reliability of named 'citizen-informers' as opposed to the traditional idea of unnamed police contacts or informers who usually themselves are criminals. Information supplied to officers by the traditional police informer is not given in the spirit of a concerned citizen, but often is given in exchange for some concession, payment, or simply out of revenge against the subject. The nature of these persons and the information which they supply conveys a certain impression of unreliability, and it is proper to demand that some evidence of their credibility and reliability be shown. One practical way of making such a showing is to point to accurate information which they have supplied in the past.

"However, an ordinary citizen who reports a crime which has been committed in his presence, or that a crime is being or will be committed, stands on much different ground than a police informer. He is a witness to criminal activity who acts with an intent to aid the police in law enforcement because of his concern for society *or for his own safety. He does not expect any gain or concession in exchange for his information.* An informer of this type usually would not have more than one opportunity to supply information to the police, thereby precluding proof of his reliability by pointing to previous accurate information which he has supplied.

" '. . . We note, initially, that a valid arrest without a warrant may be made solely by reason of information communicated by a reliable informant. [Citations omitted.] *A citizen who purports to be a victim of or to have witnessed a crime is a reliable informant even though his reliability has not theretofore been proved or tested.*

---

[10] *Supra,* footnote 1, at page 446.

. . . *People v. Bevins* (1970), 6 Cal. App. 3d 421, 85 Cal. Rptr. 876.' " (Emphasis supplied.) [11]

The instant informant, Susan Lien, falls squarely within the class of informant contemplated in *Paszek*: a purported victim. Whether the victim speaks directly to the complainant, or, as in this case, gives a written statement which the complainant reads, should not be controlling.

*Paszek* recognized that some evaluation of the reliability of even this type of informant should be made. However, the standard applied is much less stringent:

"[T]he reliability of such a person should be evaluated from the nature of his report, his opportunity to hear and see the matters reported, and the extent to which it can be verified by independent police investigation.

". . . However, there must be some safeguard, and this can be satisfied by verification of some of the details of the information reported, but it need not be to the same degree as required in evaluating the 'tips' of a police informer." [12]

Essentially, the search for reliability in the case of a citizen informer is shifted to the second prong of the *Aguilar* test, *i.e.*, from personal reliability to "observational" reliability.

b. What "underlying circumstances" set out in the complaint establish that Susan Lien reliably obtained the information?

First, Susan Lien was an eyewitness and the victim of the alleged criminal activity. As noted in *Paszek*:

" '. . . A citizen who purports to be a victim of . . . a crime is a reliable informant . . . .' " [13]

Obviously, as a victim, she was in a good position to "see and hear" what the defendant did. As we said in *Paszek*:

---

[11] *State v. Paszek, supra,* footnote 5, at pages 630, 631.

[12] *Id.* at pages 631, 632.

[13] *Id.* at page 631.

"The evidence supplied by Mrs. Darling clearly shows that her conclusion was not based upon casual rumor or the defendant's reputation. Rather, it establishes that her information resulted from an unsolicited physical confrontation with defendant." [14]

So here with Susan Lien.

However, in *Paszek,* the citizen-informant not only described the defendant, she also informed the police that he would return and the time he would do so. The police verified this by their observation. In addition, the citizen-informant in *Paszek* identified the defendant by indicating to police that he was the man they were waiting for.

In the instant case the complaint states only "That defendant, pursuant to the victim's description, was apprehended . . . ." None of the details of the description which she gave in her written statement (assuming that some were given there) are set out in the complaint. Obviously, it would have been better to attach the actual statement. But it is reasonable to infer that the details concerning the description contained in the statement describe the defendant and that therefore there is probable cause to proceed; the victim's reliability is sufficiently established.

The end result here is to approve a complaint signed by an officer on the basis of information from a victim informer whose reliability is established. The victim informer accuses and the officer swears. Ultimately, the victim informer will have to come forward at the preliminary, then at the trial. This is sufficient safeguard to test the question of personal jurisdiction of the particular accused.

As for the role of the unidentified police officer who took the statement of Susan Lien we do not agree with defendant that this officer was an informant. The language in the complaint referring to his role in taking

[14] *Id.* at page 628.

the statement of Susan Lien is one of the "underlying circumstances" necessarily examined in determining the reliability of the victim's statement and the circumstances justifying the complainant's reliance on it.

We therefore conclude that the complaint is sufficient and was improperly dismissed.

## The preliminary.

Because of our holding that the complaint is sufficient we must consider respondent's contention that the preliminary examination was not properly conducted, in that he was not allowed to call and examine certain witnesses.

During the preliminary Susan Lien testified for the state as to the incident and identified the defendant. Defense counsel did not question Susan Lien but moved the magistrate to dismiss because no probable cause for bindover had been established. This motion was denied. The defense then called Susan Lien as its own witness, presumably adversely. The state objected, arguing that the defense could have cross-examined her. It also argued that once the defense moved for dismissal, it was precluded from calling any witnesses.

In the end, the magistrate allowed the defense to call Susan Lien. She was treated much the same as though under cross-examination. The defense then sought to call the victim's mother and the chief of police, ". . . to delve further into exactly what Susan understood about the incident and as to statements she made at that time as to what [the defendant] said. There may very well be contradictory evidence supplied by both Mrs. Lien and Chief Luers." An objection by the state was sustained and the defendant was bound over.

In the trial court, the defendant subsequently urged this refusal to let the defense call certain witnesses as a basis for his motion for dismissal. That court express-

ly did not reach the issue since it dismissed the complaint on the reliability issue.

It is true that sec. 954.08 (1), Stats., does provide that a defendant may call witnesses at the preliminary examination.[15] Here the defense was not allowed to call certain witnesses. But this is not an unrestricted right.[16]

In *State v. McCarter* [17] we noted that there was no indication the defense desired to call the defendant's mother-in-law as a witness "in order to effect pretrial discovery of the state's evidence." To the contrary, indications were that the defendant's purposes were defensive in nature. In *McCarter* we therefore concluded that the magistrate should have permitted the defense to call defendant's mother-in-law as a witness. But here there is every indication that the purpose of the defense was to fish for elements of the state's case. The magistrate could well conclude that to allow the defense to call these witnesses was to permit pretrial discovery where such is not recognized.

Further, as the magistrate noted, the preliminary is not concerned with the credibility of the witnesses:

". . . That issue as to credence or credibility is for the trial. The hearing as to probable cause before the magistrate is not a preliminary trial. It is not the proper forum to debate and determine issues as to credibility and weight of evidence once essential facts as to probability have been established." [18]

By questioning these two additional witnesses, what defense counsel sought was to expose inconsistencies in the accounts given by the victim to various people. This would affect her credibility. This was the entire thrust

[15] *State v. McCarter* (1967), 36 Wis. 2d 608, 617, 153 N. W. 2d 527.

[16] *Id.* at page 617.

[17] *Id.*

[18] *State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 228, 161 N. W. 2d 369.

of his "adverse" examination of the victim. We fail to see how defendant was prejudiced by being unable, at this point, to call additional witnesses who would possibly shake the credibility of the victim. Her testimony was sufficient in the mind of the magistrate to establish probable cause. Defendant could, however, no doubt gain some valuable information for his defense. This unquestionably would be pretrial discovery. This is not the role of the preliminary.

We conclude that the magistrate properly forbade the defense to call its two additional witnesses during the preliminary examination.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.