STATE of Wisconsin, Plaintiff-Appellant,

v.

Michael A. SMAXWELL, Defendant-Respondent.†

Court of Appeals

*No. 99–2261–CR. Submitted on briefs December 2, 1999.—Decided April 26, 2000.*

## 2000 WI App 112

(Also reported in 612 N.W.2d 756.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *John M. Daniels*, assistant district attorney. There was a supplemental brief by *James Doyle*, attorney general, and *William L. Gansner*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Michael Rudolph* of Appleton.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. BROWN, P.J. This case concerns the manner in which a third offense operating while intoxicated complaint was drafted by the district attorney's office. The facts giving probable cause that Michael A. Smaxwell committed this crime were not specifically contained in writing within the four corners of the complaint. Rather, an investigator for the district

attorney's office, who was not the arresting officer, swore under oath to the truthfulness and reliability of an unsworn police incident report prepared by the arresting officer. This unsworn incident report was attached to the criminal complaint. The trial court dismissed the complaint because it did not use the legal term of art "incorporated by reference" to meld the incident report into the complaint. We disagree with the trial court's holding because it puts form over substance.

¶ 2. Smaxwell seeks to affirm the dismissal of the complaint on other grounds. He argues that an investigating officer who has no eyewitness knowledge of an incident cannot swear to the truthfulness and reliability of an unsworn incident report prepared by the arresting officer. However, we hold that an investigator who is not an eyewitness can swear to the reliability and truthfulness of the arresting officer's incident report where the incident report is reliable.

¶ 3. The facts of this case are as follows. On May 22, 1999, Smaxwell was issued a citation by Town of Menasha Police Officer Gary M. Cutler for a third offense of operating a motor vehicle while under the influence of an intoxicant and with a prohibited alcohol concentration contrary to WIS. STAT. § 346.63(1)(a) and (b) (1997–98).[1] On June 29, 1999, the Winnebago county district attorney filed a criminal complaint charging Smaxwell with the above violations.

¶ 4. However, this was not a customary criminal complaint because the body of the complaint contained no description of the events leading to Smaxwell's arrest. Instead, the criminal complaint first set forth the crimes charged, their elements and penalties, and a

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version.

notice that all Smaxwell's vehicles were subject to seizure, equipment with an ignition interlock device or immobilization. Then, rather than detailing the facts forming the basis of the charges, a paragraph entitled "AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT" stated that an incident report was attached to the complaint. The paragraph read as follows:

> R. Neebel, your complainant states that he is an Investigator with the Winnebago County District Attorney's Office and has had an opportunity to review the attached police reports and documents supporting this complaint which are kept in the normal and ordinary course of business which your affiant believes to be truthful and reliable and have proven so on numerous occasions in the past and believes them to be accurate and reliable.

Investigator Richard P. Neebel, who was not present at Smaxwell's arrest, signed under oath the criminal complaint. Stapled to the criminal complaint was an incident report, a photocopy of the front and back of the citation and a blood/urine analysis report. A measured reading of the attached incident report reveals that Cutler, the arresting officer, prepared the incident report. The trial court dismissed the complaint because it did not use the legal term of art "incorporated by reference" to incorporate the incident report into the complaint.

¶ 5.   The sufficiency of a complaint is a question of law that is reviewed de novo. *See State v. Manthey*, 169 Wis. 2d 673, 685, 487 N.W.2d 44 (Ct. App. 1992). A criminal complaint is "a written statement of the essential facts constituting the offense charged." WIS. STAT. § 968.01(2). In order to establish probable cause, sufficient facts must be stated in the criminal com-

plaint. *See* WIS. STAT. § 968.04(1); *State ex rel. Evanow v. Seraphim*, 40 Wis. 2d 223, 226, 161 N.W.2d 369 (1968).[2] The test for determining the sufficiency of a complaint is common sense. "The complaint must be considered in its entirety, and be given a common sense reading." *State v. Knudson*, 51 Wis. 2d 270, 275, 187 N.W.2d 321 (1971). The test of a complaint is of "minimal adequacy, not in a hypertechnical but in a common sense evaluation, in setting forth the essential facts establishing probable cause." *Evanow*, 40 Wis. 2d at 226.

■

¶ 6. Thus, we must look to common sense to decide if use of the term "attached" is sufficient to incorporate the incident report into the criminal complaint. We hold that using the term "attached" does in fact incorporate the document because "attached" and "incorporated by reference" mean basically the same thing. The only real difference is that one term is used in everyday language while the other term is most often employed by those who have a legal background. But just because lay people use one term while lawyers customarily use another does not mean that the lay term is legally suspect. In fact, unless a statute or case law calls for the use of specific terminology, everyday language should be the preferred method of communicating. *See Walters v. Reno*, 145 F.3d 1032, 1041 (9th Cir. 1998), *cert. denied*, 526 U.S. 1003 (1999) (holding that aliens' due process right to meaningful notice was violated where waiver forms were "so bureaucratic and cumbersome and in some respects so uninformative and in others so misleading that even those . . . with a reasonable command of the English language would

---

[2] Smaxwell does not claim that the underlying facts were insufficient to establish probable cause.

not receive adequate notice from them"); *see generally* Joseph Kimble, *Answering the Critics of Plain Language*, 5 SCRIBES J. LEGAL WRITING 51 (1994–95). Here, a commonsense reading of the affidavit stating that Neebel had an opportunity to read the "attached" incident report and swore to its truthfulness and reliability indicates that the incident report was intended to be included in the criminal complaint. We hold that the trial court's ruling to the contrary is unnecessarily formalistic.

¶ 7.   We acknowledge that *State v. Williams*, 47 Wis. 2d 242, 252, 177 N.W.2d 611 (1970), holds that "[o]nly if affidavits or transcripts of testimony are specifically incorporated by reference in the complaint and made a part of it can they be used to show probable cause for issuance of a warrant." However, the court in *Williams* did not state that the legal term of art must be used to incorporate a document into a criminal complaint. *See id*. We read *Williams* to say that to incorporate a document into a complaint some statement in the body of the complaint must indicate that another document, outside the four corners of the complaint itself, is intended to be included in the complaint.

¶ 8.   Smaxwell urges us to affirm on other grounds. He sees the issue as being whether Neebel, the complainant, who was not an eyewitness to the arrest, can swear to the truthfulness and reliability of the unsworn incident report prepared by Cutler, the arresting officer. Smaxwell argues that because the criminal complaint must be made under oath and the incident report was not sworn to by the arresting officer, but only was sworn to by Neebel, who had no personal knowledge of the underlying facts, the criminal complaint fails to establish probable cause. For this

proposition, he cites *Giordenello v. United States*, 357 U.S. 480, 485–86 (1958) (holding that a warrant did not establish probable cause because complainant officer had no personal knowledge of the alleged facts supporting the warrant).

¶ 9.    We reject this argument. Our supreme court has held that a non-eyewitness complainant can swear to the truthfulness and reliability of an eyewitness's unsworn statement, provided the complainant can establish the personal and observational reliability of the eyewitness. *See Knudson*, 51 Wis. 2d at 277.

¶ 10.    In this case, a number of factors indicate that Cutler, the arresting officer whose incident report was relied upon, had personal and observational reliability. First, Cutler observed and participated in the facts set forth in the police report, which are incorporated into the complaint. Information based on the personal observations of police officers made while acting in their official capacity is considered trustworthy. *See P.A.K. v. State*, 119 Wis. 2d 871, 888, 350 N.W.2d 677 (1984). Second, Cutler has personal and observational reliability because even though he did not swear to the truthfulness of the incident report under oath, falsifying the incident report would subject him to felony prosecution for misconduct in public office contrary to WIS. STAT. § 946.12(4). Finally, Cutler was reliable because Neebel swore that he had an opportunity to review the attached incident report and that such documents were kept in the normal and ordinary course of police business. Furthermore, Neebel swore that he believed the document to be truthful and reliable and that incident reports prepared by Cutler had proven on numerous occasions in the past to be accurate and reliable. In short, Neebel was able to swear to the

reliability of Cutler's incident report because Cutler is a reliable eyewitness.

*By the Court.*—Order reversed.