STATE, Respondent, v. CARTAGENA, Appellant.

*No. State 24.   Argued September 9, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 392.)

214

For the appellant there was a brief and oral argument by *L. William Staudenmaier* of Milwaukee.

For the respondent the cause was argued by *Terence T. Evans*, assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette*, attorney general, and *David J. Cannon*, district attorney.

HANLEY, J. Two issues are presented by this appeal:

1. Was it prejudicial error for the trial court to receive in evidence the statement of the defense witness Garza; and

2. was it prejudicial error for the trial court to fail sua sponte to instruct the jury that Garza's statement was to be considered by them for an impeachment of Garza only and that it could not be considered as substantive evidence against the defendant?

*Reception of Statement into Evidence.*

The statement of Garza [1] is properly termed an admission, not a confession.[2]

"An admission, in criminal law, is a statement by the accused of a fact or facts pertinent to the issue, and tending, in connection with proof of other facts, to prove his guilt; but an admission is not, alone, sufficient to authorize a conviction." *People v. Hobbs* (1948), 400 Ill. 143, 150, 79 N. E. 2d 202, 206.

In *Moore v. State* (1936), 220 Wis. 404, 409, 265 N. W. 101, this court quoted from *State v. Novak* (1899), 109 Iowa 717, 727, 79 N. W. 465, in differentiating between an admission and a confession:

". . . A confession is a voluntary admission or declaration by a person of his agency or participation in a crime. . . . To make an admission or declaration a confession, it must in some way be an acknowledgment of guilt . . . ."

Since Garza did not admit guilt in his statement, it is properly referred to as an admission.

Whether Garza's statement is termed an admission or a confession would make a difference if *Garza* were the defendant here. The proof needed to substantiate a conviction is greater when an admission is involved than when a confession is involved.

However, when a *defendant* puts the voluntariness of any statement into issue, be it an admission or a confes-

---

[1] "I, Cesario Garza, make the following statement . . . On Friday about 12:30 A. M. David Cartegena threating [sic] me at gunpoint to rob a place with him. He told me to take the money from the cash register and tear the phone out or it would be to bad for me. My mind was all mixed up I was scared to do it. But he said he shoot me if I didn't. He gave me $30.00 to keep my mouth shut. And he said if I opened it, it would be too bad. After we robbed the tavern we jumped in the tavern [sic] and went too Monreals, and that was it."

[2] This distinction is not necessary in this decision. It is only included because a dispute arose in appellant's and respondent's briefs over what the statement actually was to be called.

sion, that statement may not be used for any purpose whatsoever against him until it is first held to be voluntary. *Gaertner v. State* (1967), 35 Wis. 2d 159, 173, 150 N. W. 2d 370. This court outlined the procedure to be used in determining the voluntariness of statements made by the *accused* in *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 133 N. W. 2d 753. However, Garza was not the accused here.

Defendant now asks this court to extend the *Goodchild* determination of voluntariness test to statements made by witnesses. It has been admitted that the statement made by Garza was not to be used against Garza for any purpose other than impeachment. Juvenile proceedings against Garza arising out of the alleged armed robbery had already terminated. Garza was not a defendant in this trial; he was an alibi witness for the defendant Cartagena.

In asking this court to extend the *Goodchild* ruling, defendant overlooks the constitutional basis for the various rulings on the admissibility of confessions. The fifth amendment to the United States Constitution and art. I, sec. 8, of the Wisconsin Constitution provide that no person shall be compelled in a criminal case to be a witness against himself. It is because of this constitutional protection that involuntary statements of an accused may not be used for any purpose, even impeachment. It is because this right of the accused is considered so fundamental and so basic that the United States Supreme Court has held that *any* violation of this rule necessitates a reversal of a conviction arising from that trial, regardless of any other evidence. *Chapman v. California* (1967), 386 U. S. 18, 87 Sup. Ct. 824, 17 L. Ed. 2d 705. This latest rule was implemented by this court in *McKinley v. State* (1967), 37 Wis. 2d 26, 154 N. W. 2d 344.

However, neither our research nor the defendant's brief discloses any case where the accused's right not to incriminate himself has been extended to prohibit the

introduction of a witness' allegedly involuntary statement. Certainly the witness' right not to incriminate himself is not at issue here because all criminal sanctions against him had already terminated.

It is perhaps with the foregoing conclusion in mind that defendant urges this court that his right to compel witnesses on his behalf is abridged if he must be concerned about the state impeaching those witnesses with former involuntary and inconsistent statements.

Again, defendant misinterprets the scope of his constitutional rights. The sixth amendment to the United States Constitution and art. I, sec. 7, of the Wisconsin Constitution guarantee an accused the right to have compulsory process to compel the attendance of witnesses on his behalf. It is somewhat specious to assume that this right is violated by impeaching a witness with an allegedly involuntary statement.

Even assuming, for the sake of argument, that the witness had been forced to give an involuntary statement, the statement was not used, and would not have been admissible, for the purpose of substantive evidence. It was used for impeachment purposes only. The witness had ample opportunity to testify to the alleged involuntariness of the statement. He did so testify. It was up to the jury to decide what weight the statement should be accorded.

Neither does the defendant's citation to *Bruton v. United States* (1968), 391 U. S. 123, 88 Sup. Ct. 1620, 20 L. Ed. 2d 476, support his conclusion that Garza's statement was inadmissible. *Bruton* was discussed by this court in *Renner v. State* (1968), 39 Wis. 2d 631, 159 N. W. 2d 618. Bruton held that:

". . . the confession of one defendant inculpating the other defendant was inadmissible in a joint trial . . . ." *Renner v. State, supra,* at page 638.

*Bruton* is not applicable here for two obvious reasons: First, this was not a joint trial; second, the problem involved in *Bruton* was that the "inculpated defendant"

was denied his right of cross-examination. The constitutional area involved was not self-incrimination; it was the right to confront witnesses. In *Bruton,* the codefendant's confession, which implicated Bruton, was offered and received into evidence. The codefendant never took the stand so Bruton never had a chance to cross-examine the codefendant concerning the truth of the statement. It was this denial of the right of cross-examination which was the basis of the reversal of Bruton's conviction.

In this case, however, Garza took the stand, not as a codefendant but as an alibi witness, and he testified freely concerning the events surrounding his admissions. *Bruton* does not help the defendant here.

We conclude that defendant's constitutional rights were not violated by the admission of Garza's statement for impeachment of Garza.

### Sua Sponte Instruction.

Defendant urges that even if this court finds that Garza's statement was admissible, the court should nonetheless reverse this conviction because the trial court failed to instruct the jury that Garza's confession was not substantive evidence. It is undisputed that the statement was admitted for purposes of impeachment only. However, the prosecution laid this foundation in the absence of the jury. The jury never was instructed as to the distinction either at the time the statement was introduced or in the final instructions. The jury, however, was not permitted to take the statement to the jury room.

The Garza statement was clearly hearsay as to Cartagena. It could only be used to impeach Garza and could not be considered as substantive evidence. *State v. Major* (1956), 274 Wis. 110, 79 N. W. 2d 75. Had counsel for the defendant requested the instruction, it would have been error to refuse it.

The state properly points out that a trial judge is on the horns of a dilemma in this situation. If he instructs

the jury without request, he can be accused of calling undue attention to a highly prejudicial statement which might have slipped by the jury relatively unnoticed. If he fails to instruct the jury on his own, he is accused of letting the jury consider incompetent evidence.

The duty of a trial judge to instruct sua sponte was discussed by this court in *Johns v. State* (1961), 14 Wis. 2d 119, 126, 128, 109 N. W. 2d 490. In that case the defendant urged a reversal because the trial court had failed, sua sponte, to instruct the jury that no presumption arose from the failure of the defendant to testify.

"At first blush, one would think, as contended for by Johns, it was the duty of the trial court to invariably give such an instruction in a criminal case when the defendant does not take the stand. The duty is based on the reasoning that such an instruction is favorable to the defendant, is part of the law of the case, and counsel for the accused has a right to expect the trial court to give such an instruction without any request. However, this reasoning finds very little support in the cases which have considered the problem and there exists among trial judges and trial counsel a division of opinion. It is believed the giving of such an instruction might do more harm in directing the jury's attention to the failure of the defendant to testify than not to give an instruction. . . .

"We conclude the trial court did not commit error, in the absence of a request by the accused, in not instructing the jury the omission of the accused to testify on his own behalf created no presumption against him."

The reasoning of *Johns* is equally applicable here.

This court has often stated that it does not look with favor upon claims of prejudicial error based upon the trial court's failure to act when no action is requested by counsel. *Whitty v. State* (1967), 34 Wis. 2d 278, 290, 149 N. W. 2d 557; *Kink v. Combs* (1965), 28 Wis. 2d 65, 72, 135 N. W. 2d 789. Nor is this the type of case that was referred to in *Price v. State* (1967), 37 Wis. 2d 117, 130, 154 N. W. 2d 222, where "justice would require . . . that such instructions be offered for counsel's consideration." The defendant was very adequately defended here.

We conclude that it was not error to fail, sua sponte, to instruct the jury with reference to Garza's statement.

*By the Court.*—Judgment affirmed.