OKRASINSKI, Plaintiff in error, v. STATE, Defendant in error.

*No. State 35. Argued April 1, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 314.)

For the plaintiff in error there was a brief by *Lee A. Bernsteen* and *Bernstein & Bernsteen,* all of Rhinelander, and oral argument by *Lee A. Bernsteen.*

For the defendant in error the cause was argued by *William F. Eich,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J.   The defendant was found guilty of burglary of a tavern in Forest county on the night of April 26, 1969. The principal evidence against him was supplied by one Avery Spencer, who was involved in the same burglary. On the basis of information elicited from Spencer a warrent was issued by Judge STRANZ. On May 1, 1969, the defendant was brought before Judge STRANZ for initial appearance. Much of the defendant's objections to his conviction arises out of the proceedings at that time. The defendant stated that he was indigent and unable to employ counsel. The district attorney concurred in the defendant's request and advised the judge, who was sitting as a magistrate, that counsel should be appointed. Nevertheless, despite the admonitions of this court in *Jones v. State* (1967), 37 Wis. 2d 56, 154 N. W. 2d 278, 155 N. W. 2d 571; *Kaczmarek v. State* (1968), 38 Wis. 2d 71, 155 N. W. 2d 813; sec. 957.26, Stats. 1967, the magistrate refused to appoint counsel at that time. Instead, he took the position that the defendant would be released on low bail, which would enable him to secure employment and to hire an attorney. The district attorney objected to the magistrate's proposed disposition of the case and pointed out sec. 954.05 (1), Stats. 1967, required the holding of a preliminary examination within ten days. The magistrate resolved this problem by directing the district attorney in the interim between the initial appearance and the preliminary examination to secure the services of an attorney requested by Okrasinski if the district attorney were satisfied that the de-

fendant was indeed indigent. Bail was set at a low figure, and the defendant was released shortly after the preliminary hearing. It appears that the district attorney satisfied himself as to the defendant's indigency and attempted to secure the services of the attorney requested by the defendant. He was unable to retain that attorney to represent Okrasinski. Apparently, it was not until shortly before the preliminary examination was scheduled that the defendant was advised that no attorney had been provided for him. He therefore on May 7, 1969, contacted Attorney Lee A. Bernsteen, who the next day appeared on his behalf at the preliminary examination and was, at the commencement of the preliminary examination, appointed by the court to represent the defendant as an indigent.

We agree with defense counsel's contention that the proceedings in regard to the appointment of counsel at the initial appearance were, despite the efforts of the district attorney, highly irregular. Counsel should have been appointed at the commencement of the initial appearance. We have pointed out in *Jones v. State, supra,* page 69a, that the early appointment of counsel will afford the accused assistance in setting a reasonable bail and that the administration of justice will be served when a defendant is advised in regard to the important decisions on "whether to have, waive, or postpone the preliminary hearing." We emphasized that the earlier appearance aids in the fact finding and truth-determining ends of our criminal justice system. We nevertheless pointed out in the rehearing to *Jones, supra,* page 69b, that the holding that an accused is entitled to counsel at the initial appearance is subject to the "harmless-error rule." In *Kaczmarek, supra,* page 79, we said that, with the adherence to the *Jones* holding, no occasion should arise where "lengthy time lags between initial appear-

ances in court and appointment of counsel need be explained or excused."

The magistrate's conduct cannot be condoned, and under the statutes (now sec. 970.02 (6), Stats.), it is mandatory that appointment of counsel for an indigent take place at the initial appearance. Nevertheless, as pointed out in *Jones,* the omission will be considered harmless error unless there is evidence that the defendant was prejudiced by failure to appoint counsel. The facts of record reveal that Attorney Bernsteen appeared for the preliminary examination on May 8, 1969, and stated the circumstances of his late appointment. The trial judge acknowledged the tardiness of the magistrate in furnishing counsel and offered the defendant and his counsel additional time to prepare for preliminary hearing. Counsel nevertheless stated that he would proceed since he did not intend to waive the statutory requirement that the preliminary examination be held within ten days after the initial appearance. He specifically reserved the right to attack the proceedings under which the arrest warrant was issued.

His motion that the complaint and warrant be quashed was denied. Defendant proceeded to preliminary hearing and was bound over to circuit court.

On May 20, 1969, prior to arraignment in the circuit court, as is required by *State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 137 N. W. 2d 391; *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 139 N. W. 2d 667, the defendant moved to attack the warrant and complaint on the grounds that the proceedings that led to the issuance of the warrant [1] were insufficient and that the magistrate's determination of probable cause at

---

[1] It should be noted that at no point in the pretrial or trial stage of this case did the defendant attack the complaint itself for failure to state sufficient facts.

the time of the issuance of the warrant was not an independent determination by an impartial magistrate.

It is thus apparent that the defendant has had ample opportunity to attack the warrant, not only prior to the preliminary but prior to arraignment. We see no evidence of any prejudice to the defendant as a consequence of the late appointment of counsel, for the record makes clear that he was given the opportunity to be heard on all motions which he wished to assert. Failure to appoint counsel at the initial appearance constituted "harmless error."

Counsel also argues that his client was prejudiced by the delay because at *trial* the state used a surprise witness to rebut the defendant's purported alibi. Assuming, as the facts indicate, that counsel was appointed several days later than he ought to have been, it does not appear that the delay prejudiced defendant in this regard, since counsel had almost a month after appointment to prepare for trial.

Since counsel, before arraignment, asked the court to dismiss the warrant, the issues raised in those motions are before this court. However, our inspection of the record fails to reveal any assertion prior to this appeal that the complaint did not state sufficient facts to constitute probable cause. Rather, the attack was on the proceedings before the magistrate at the time the warrant was issued. It appears to be the assertion of the defendant not that the complaint was inadequate on its face, but that the information elicited from the sheriff at the hearing on the complaint was hearsay. Hearsay, of course, may give rise to probable cause to issue a warrant as long as there is some basis for crediting the reliability of the informant. *State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 173 N. W. 2d 175. There must be a showing of sufficient facts to permit the inference by the magistrate that the source of information is

truthful. *State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 161 N. W. 2d 369. The record of the warrant proceeding shows that the sheriff testified under oath that Avery Spencer had confessed to the burglary and that in his confession he implicated the defendant. In *Evanow, supra,* we pointed out that, when a participant in a crime admits his own participation and implicates another, an inference may be reasonably drawn that he is telling the truth. Such admissions against interest are not inherently untrustworthy even though they come from a confessed criminal. The ultimate issue of credibility is, of course, to be determined by the fact finder at trial, but evidence of the nature adduced at the hearing on the complaint was sufficient to support the warrant.

Defendant attacks yet another facet of the sheriff's testimony, since he states that there was no showing that the informer Spencer was given the *Miranda* warnings before he made the statement which implicated Okrasinski. On the contrary, there was testimony of record that the sheriff's department procured a written waiver of Spencer's constitutional rights prior to his interrogation. Additionally, we have held that the privilege against self-incrimination is personal to the individual who incriminates himself. *State v. Cartagena* (1968), 40 Wis. 2d 213, 161 N. W. 2d 392.

The proceeding at which the warrant was issued is also attacked on the ground that the presence of the district attorney, his examination of the witnesses, and his use of leading questions had the practical effect of making the finding of probable cause the district attorney's finding rather than that of the magistrate. This argument is wholly without merit. While the district attorney propounded questions to the witness to elicit evidence of probable cause, the determination of probable cause was made by the magistrate.

The attack upon the trial itself is centered upon the sufficiency of the evidence. The state's case rises and falls upon the credence given to the testimony of Spencer. Spencer testified that the burglary was discussed by the two of them, that together they made the entry, and that each of them shared in the proceeds of the burglary. If the testimony of Spencer is believed, as it was by the jury, the case against Okrasinski was proved beyond a reasonable doubt. We have frequently said that it is only when the evidence that the trier of fact relied upon is inherently or patently incredible that this court will substitute its judgment for that of the fact finder. *Massen v. State* (1969), 41 Wis. 2d 245, 260, 163 N. W. 2d 616.

The defendant points out certain inconsistencies in the testimony of the police officers who checked the premises at or about the time of the burglary. One of them testified that a Ford car was parked there. Another testified that it was a Chevrolet. In addition, Spencer testified that his automobile and the defendant's car were parked one-quarter mile south of the tavern. While it is apparent that some of the evidence is conflicting, this contradiction as to the exact times or the location where the cars were parked does not render Spencer's testimony inherently incredible and the jury was entitled to believe Spencer's narration of the crime. While the inconsistencies could serve to impeach the complete accuracy of the testimony of some of the witnesses, the jury was not obliged, as a matter of law, to disbelieve Spencer's version of the crime.

While some of the physical evidence introduced was not highly probative of the defendant's guilt, neither does it appear that the guilt or innocence of the defendant rested upon any of this evidence. Most of the items were properly admitted. In addition, we see no evidence

that any of these exhibits prejudiced the jury or influenced the verdict. We are satisfied that the evidence was sufficient to support the conviction beyond a reasonable doubt.

As required by statute, the defendant served a notice of alibi in compliance with sec. 955.07, Stats. 1967. He now asks that he be given a new trial in the interest of justice pursuant to sec. 251.09, because the state did not reciprocally notify him of a rebuttal witness to the alibi. No authority is cited for the proposition that the state in this instance was required to give notice of a rebuttal witness. Sec. 971.23 (3), effective July 1, 1970, provides that a defendant may obtain a list of the state's witnesses by giving the district attorney a list of the witnesses for the defense. That section, however, specifically provides, "This section shall not apply to rebuttal witnesses or those called for impeachment only." American Bar Association, *Standards Relating to Discovery and Procedure Before Trial* (Approved Draft, 1970), sec. 2.1 (i), comment b, page 58. The state was not required to furnish the defendant with information with regard to possible rebuttal witnesses.

The defendant also asks for a reversal in the interest of justice because defendant's mother at the time of sentencing came forward with the information that Spencer had told her that Okrasinski had nothing to do with the burglary. Her statement before the court at sentencing was:

"I don't believe that Bill [the defendant] did it. You are taking the word of Avery Spencer. Avery Spencer told me right in the bar that he broke into the building, he broke into the machines, and he is the one that took the money, that Bill had nothing to do with it. Bill was with him, he said, but I don't think he did it, and I told Mr. Kennedy [the district attorney] that. Bill does have a drinking problem, he has a bad one. And I think if

that is taken care of I think everything else would be taken care of."

Had this testimony been offered at trial, it would have furnished only limited impeachment of Spencer's testimony. It does not contradict Spencer's trial testimony that the defendant was in the tavern during the burglary. It only indicates that defendant had a less active role in the burglary than revealed at the time of the trial. This would directly contradict and impeach the testimony of the defendant that he did not enter that tavern at the time of the burglary. It is difficult to see how this testimony could have been used to the defendant's advantage had it been known prior to or during trial. In *Lock v. State* (1966), 31 Wis. 2d 110, 142 N. W. 2d 183, we pointed out that a motion for a new trial in the interest of justice on the grounds of newly discovered evidence is insufficient for a reversal when the new evidence would merely tend to impeach the credibility of a witness. A new trial in the interest of justice will be granted only if there has been an apparent miscarriage of justice and it appears that a retrial under optimum circumstances will produce a different result. *State v. Escobedo* (1969), 44 Wis. 2d 85, 170 N. W. 2d 709. We see no likelihood that a retrial, even under the conditions urged by defendant, would result in an acquittal.

*By the Court.*—Judgment affirmed.