SCOTT, a/k/a MARTIN WAYNE WHATLEY, Plaintiff in error, v. STATE, Defendant in error.†

*No. 75-336-CR. Argued June 3, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 215.)

† Motion for rehearing denied, without costs, on August 23, 1976.

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender, and *Jack E. Schairer,* assistant state public defender, and oral argument by *Mr. Schairer.*

For the defendant in error the cause was argued by *Marguerite M. Moeller,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

CONNOR T. HANSEN, J. Defendant challenges the sufficiency of a search warrant issued on September 4, 1973. The complaint for the search warrant contained the following information:

". . . This complaint is based on the information and belief of your complainant, who is a Detective with the Dane County Sheriff's Department assigned to the Madison Metropolitan Narcotics Squad. Your complainant has been furnished information by an informant known as MPD–123, whom your complainant has known for a period of approximately seven years. During this time on numerous occasions MPD–123 has furnished your complainant with information and on a number of occasions the information furnished to your complainant has resulted in arrests and convictions on narcotic violations, burglaries, and possession of stolen property. On other occasions, your complainant has been furnished information by MPD–123 and said information has been checked and found to be true and correct. Your complainant wishes MPD–123's name to remain confidential for reasons of personal safety and so that information supplied by MPD–123 may in the future be used in investigations of controlled substances violations.

"On August 15, 1973, MPD–123 contacted your complainant and informed him that the above-named Rott was dealing cocaine, LSD, speed, and marijuana out of

his apartment at 1128 East Gorham Street in the City of Madison, Wisconsin. Your complainant requested that MPD–123 secure a sample of said drugs from said apartment so that your complainant could analyze it. On September 3, 1973, MPD–123 contacted your complainant and turned over to him a one-pound bag of green vegetable material which he told your complainant he took from the above address prior to September 3, 1973. MPD–123 also informed your complainant that there was additional marijuana and other drugs in said apartment at said time. Your complainant performed a field test on the suspected material and received a positive reaction for marijuana. Your complainant has performed field tests on suspected controlled substances in the past on an almost daily basis, and in all cases said field tests have been verified by technicians of the Wisconsin State Crime Laboratory."

In executing this search warrant, police officers discovered and seized from a closet in the middle bedroom of the apartment three plastic bags, each containing approximately one pound of a substance alleged to be marijuana. Additional allegedly illegal substances were taken from other areas of the apartment. Subsequently, a complaint was filed charging the defendant with violation of sec. 161.41 (1m), Stats., which prohibits possession of a controlled substance with intent to deliver. The defendant was charged as a result of his alleged occupancy of the middle bedroom of the apartment with the consent of the owner, Cy H. Rott.

A motion was filed to suppress the evidence obtained from execution of the search warrant, as well as any adverse testimonial evidence to be elicited from Rott. At the hearing on this motion, it was established that, contrary to the information contained in the complaint for the warrant, the informant himself did not obtain from the apartment the substance which was analyzed and determined to be marijuana. Rather, it was the informant's brother-in-law who had obtained the substance. The brother-in-law passed a portion of the substance

on to the informant, who turned the substance over to the officers.

The trial court denied the motion. Defendant then entered a plea of no contest and was found guilty and sentenced to an indeterminate term not to exceed two years. Sentence was stayed and defendant was placed on two years' probation, subject to the condition that he be committed to the county jail for a five-month period and probation transferred to Louisiana, if possible. Pursuant to sec. 971.31 (10), Stats., defendant seeks review of the order denying the motion to suppress.

This appeal presents the following issues for determination:

1. Did the trial court err in concluding that the complaint for the search warrant was legally sufficient?

2. Did the trial court err in concluding that the factual misstatement contained in the complaint for the search warrant did not invalidate the warrant?

3. Did the trial court err in concluding that the testimony of Cy H. Rott was not the fruit of an illegal search?

*Sufficiency of the search warrant complaint.*

The defendant asserts that the search warrant was invalid in that the complaint upon which it was based was insufficient on its face to support issuance of the warrant.

In reviewing the sufficiency of the complaint, this court is confined to the record established before the magistrate at the time the warrant was issued. *Aguilar v. Texas* (1964), 378 U. S. 108, 109 footnote 1, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723; *Morales v. State* (1969), 44 Wis. 2d 96, 102, 170 N. W. 2d 684; *State ex rel. Furlong v. Waukesha County Court* (1970), 47 Wis. 2d 515, 524, 177 N. W. 2d 333.

The information contained in the instant complaint was based on information from an informer. While a search warrant may be validly issued upon hearsay information, hearsay obtained in the manner herein described is subject to verification pursuant to the tests delineated by the high court in *Aguilar v. Texas, supra,* explicated in *United States v. Ventresca* (1965), 380 U. S. 102, 85 Sup. Ct. 741, 13 L. Ed. 2d 684; *Spinelli v. United States* (1969), 393 U. S. 410, 89 Sup. Ct. 584, 21 L. Ed. 2d 637, and *United States v. Harris* (1971), 403 U. S. 573, 91 Sup. Ct. 2075, 29 L. Ed. 2d 723, and applied by this court in cases subsequent thereto.

This court has recognized *Aguilar* as requiring that the officer requesting the warrant must establish (1) the underlying circumstances from which he concludes that the informant is reliable, and (2) that the underlying circumstances or manner in which the informant obtained his information is reliable. *Sanders v. State* (1975), 69 Wis. 2d 242, 258, 230 N. W. 2d 845.[i] The trial court concluded that the information supplied by the officer on the face of the complaint for the search warrant was sufficient to support a valid search warrant. This conclusion was not in error.

As to the first prong of the test, defendant concedes that the complaint sufficiently established the credibility of the informant. The defendant contends, however, that the complaint failed to disclose adequate facts to establish that the underlying circumstances or manner in which the informer obtained his information was reliable.

It is important to observe that the crime charged herein is possession of a controlled substance, with intent to deliver. Therefore, personal observation of a substance alleged to be illegal in Rott's apartment would

---

[i] *State v. Mansfield* (1972), 55 Wis. 2d 274, 198 N. W. 2d 634; *State v. Knudson* (1971), 51 Wis. 2d 270, 187 N. W. 2d 321; *State v. Paszek* (1971), 50 Wis. 2d 619, 184 N. W. 2d 836.

render the informant an eyewitness to at least a portion of the crime. *State v. Mansfield, supra,* p. 278, footnote 1.

The complaint recounts the conclusory statement of the informer that the owner of the apartment was dealing in controlled substances from the location of that apartment. Absent additional information, such conclusory statement would be insufficient to establish the requisite underlying circumstances. *Aguilar v. Texas, supra,* p. 114. However, in the instant case, the allegation was supported by the informant's assertion that he obtained a sample of the substance from the apartment and that there were additional drugs apparent on the premises at that time. The complaint further asserts the officer analyzed the substance and determined it to be marijuana.

The United States Supreme Court has made it plain that elaborate specificity is not required in the drafting of affidavits for search warrants. *United States v. Harris, supra,* p. 578; *United States v. Ventresca, supra,* p. 108. The Court has stated that:

". . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants . . . ." *United States v. Ventresca, supra,* page 109.

■ Although no statement was made in the complaint herein that the informer had personally observed illegal substances located in the environs of the apartment in question, the statement was made that the informant told the officer he had removed the proffered material from the apartment. The only logical inference to be drawn from such a statement was that the informer had observed the substances in the apartment prior to his removal of the sample. This inference was apparently made by the issuing magistrate. This court, in applying

the *Aguilar* criteria, has stated that observation of the criminal act plus the reliance on the informant by the police are sufficient to support the issuance of a search warrant. *State v. Mansfield, supra,* p. 280. The complaint herein clearly alleged personal observation by the informer of criminal activity. Therefore, the information contained on the face of the complaint was sufficient to support the request for the search warrant. The issuing magistrate properly determined that probable cause existed.

## Misstatement of fact.

The affiant who requested the search warrant stated in the complaint he had been told by the informant that the informant had removed the allegedly illegal substance from Rott's apartment. Testimony at the suppression hearing showed that the brother-in-law of the informant had actually removed the substance from the apartment, rather than the informant himself. The defendant contends that this showing is sufficient to invalidate the warrant and requires suppression of the evidence obtained thereunder. The trial court concluded that the misstatement was not material, in view of the additional testimony presented at the hearing. We conclude that the holding of the trial court was correct.

Initially, we observe that the complainant made no patent misstatement of fact. The officer stated that he had been told by the informant that the latter had removed the substance from the apartment. The record reflects no reason to conclusively determine that the officer was not, in fact, told by the informant that he had removed the substance. The misstatement appears to have been that of the informant himself, although concededly the complainant admitted that he could not specifically remember exactly what the informant had

told him. This distinguishes the case before us from those cited by the defendant for the proposition that when a material misstatement of fact relating to the existence of probable cause, based on an informant's "tip," is shown, the evidence obtained must be suppressed. *United States v. Carmichael* (7th Cir. 1973), 489 Fed. 2d 983; *United States v. Upshaw* (5th Cir. 1971), 448 Fed. 2d 1218; *United States v. Harwood* (10th Cir. 1972), 470 Fed. 2d 322; *United States v. Roth* (7th Cir. 1967), 391 Fed. 2d 507. In those cases it was the complainant or affiant himself who was shown or alleged to have made patent misstatements.

■ The misstatement herein affects the showing required by *Aguilar* as to the reliability of the underlying circumstances in which the informant obtained his information. Additional testimony taken at the suppression hearing negates the materiality of the misstatement. The informant testified that the substance he turned over to the officer came from the apartment in question. There is a conflict in the evidence as to whether he was in the apartment at the time the substance was removed. However, the record reflects he was either in the apartment or nearby at the time, and that he had been there earlier on the same day and had observed drugs in the apartment at that time. Therefore, it was established that the informant had personally observed the presence of allegedly illegal substances in the apartment. Under these circumstances, the trial court was correct in denying the motion to suppress as to this alleged error.

### Cy H. Rott's testimony.

Defendant takes the position that any adverse testimony to be elicited from the owner of the apartment, Cy H. Rott, should be suppressed as the fruit of an illegal search. It is unclear whether this argument ques-

tions the validity of the search conducted pursuant to the search warrant or, on the other hand, challenges the evidence obtained through the alleged theft of the sample substance by the informant's brother-in-law. These arguments of the defendant are not persuasive in either regard.

As to the first proposition, we have held that the complaint for the search warrant was sufficient on its face to support the issuance of the warrant and the subsequent showing of the informant's misrepresentation was immaterial insofar as it might require suppression of the evidence obtained. Therefore, any adverse testimony elicited from Rott would not be tainted by reason of the search conducted pursuant to the warrant.

The trial court inferred that the suppression of Rott's testimony was sought on the ground that the sample substance had been obtained via an illegal "search" by the informant's brother-in-law. The trial court concluded that such alleged violation could not support suppression of the testimony. The trial court was correct in this respect. Absolutely no showing was made that the informant's brother-in-law was in any sense acting as an agent of the state when the alleged theft took place. The informant's uncontradicted testimony established that he had never solicited or suggested to anyone that illegal substances be stolen from the apartment. Under these circumstances, the defendant's challenge to Rott's adverse testimony as being tainted by the brother-in-law's alleged theft is without support.

*By the Court.*—Judgment affirmed.