STATE of Wisconsin, Plaintiff-Respondent,

v.

Joe Edward WHEATON, Defendant-Appellant.

Court of Appeals

*No. 82–1374–CR. Submitted on briefs July 7, 1983.—*
*Decided July 26, 1983.*
(Also reported in 338 N.W.2d 322.)

For the defendant-appellant the cause was submitted on the brief of *Charles W. Giesen* and *Eisenberg, Giesen, Ewers & Hayes, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Pamela Magee-Heilprin,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Defendant appeals from his conviction for possession of cocaine with intent to deliver in violation of sec. 161.41(1m)(b), Stats. He argues that no probable cause existed for his arrest or for the issuance of a search warrant to search his suitcase. He also claims that the trial court lacked jurisdiction to impose sentence because no judgment of conviction was entered pursuant to sec. 972.13, Stats.,[1] prior to sentencing and that the

---

[1] Section 972.13, Stats., states in pertinent part:

(1) A judgment of conviction shall be entered upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest.

(2) Except in cases where ch. 975 is applicable, upon a judgment of conviction the court shall either impose or withhold sen-

trial court abused its discretion by sentencing him to three years' imprisonment. We affirm the trial court's denial of defendant's motion to dismiss due to an illegal arrest and to suppress evidence due to an insufficiently supported search warrant. We reverse and remand for sentencing because we conclude that the trial court lacked jurisdiction to sentence defendant. We do not reach the issue of whether the trial court abused its discretion in sentencing defendant.

An unnamed police informant told Department of Justice agent Schultz that a drug transaction would occur on February 8, 1980, at the Ramada Inn in Madison. Schultz observed Daniel Skaff and an individual, later identified as defendant, enter a car in the Ramada Inn parking lot. After defendant left the Inn, Schultz saw Skaff approach another unidentified police informant. Soon afterwards, that informant gave Schultz some white powder which he had obtained from Skaff. Schultz field tested the powder and determined that it was cocaine. The informant indicated that he had made drug purchases from Skaff in the past. Skaff told the informant that one of his suppliers was "Joe" who would be coming to La Crosse via public transportation with more controlled substances in the early morning hours of March 1st.

La Crosse police officers checked train, bus and plane schedules into La Crosse and determined that the only

tence and, if the defendant is not fined or imprisoned, the defendant shall be placed on probation as provided in s. 973.09. The court may adjourn the case from time to time for the purpose of pronouncing sentence.

(3) A judgment of conviction shall set forth the plea, the verdict or finding, the adjudication and sentence, and a finding as to the specific number of days for which credit is to be granted under s. 973.155. If the defendant is acquitted, judgment shall be entered accordingly.

(4) Judgments shall be in writing and signed by the judge or clerk.

. . .

public transportation arriving in La Crosse during the early morning hours of March 1st was an Amtrak train. Several police officers went to the Amtrak station to meet the 3:53 a.m. train. Schultz identified defendant as he left the train as the individual he saw with Skaff in Madison. A La Crosse police officer approached defendant and said "Joe." Defendant turned around, and he was arrested. The police officers did not have a warrant for his arrest.

Defendant was searched and two grams of a white substance, which was field tested and determined to be cocaine, were found in his boot. A search warrant was obtained to search the suitcase defendant was carrying. After opening the suitcase, the officers found eleven ounces of cocaine, having a street value of between $19,000 and $50,000.

The trial court denied defendant's motions to dismiss for an illegal arrest and to suppress the cocaine as a result of an insufficiently supported search warrant. Defendant was convicted after trial to the court on stipulated facts. He was sentenced to three years' imprisonment on May 27, 1981, but the judgment of conviction was not filed until January 8, 1982.

## PROBABLE CAUSE TO ARREST

■

Defendant claims that the officers who arrested him without a warrant lacked probable cause to do so. When the facts are undisputed, as they are in this case, probable cause to arrest is a question of law which we review independently on appeal. *State v. Drogsvold,* 104 Wis. 2d 247, 262, 311 N.W.2d 243, 250 (Ct. App. 1981).

■

To make an arrest without a warrant, the police officer must have evidence that would lead a reasonable officer

to believe that defendant probably committed an offense. *State v. Welsh,* 108 Wis. 2d 319, 329, 321 N.W.2d 245, 251 (1982). It is only necessary that the information available to the officer leads him or her to conclude that guilt is more than a possibility. *Id.* at 329–30, 321 N.W.2d at 251. That conclusion may be based on hearsay information. *Id.* at 330, 321 N.W.2d at 251.

Both defendant and the state rely on the two-pronged test from *Aguilar v. Texas,* 378 U.S. 108, 114–15 (1964), for assessing the truthfulness and reliability of hearsay information used to establish probable cause: *Aguilar* requires the officer to specify (1) the underlying circumstances from which he or she concludes that the informant is reliable, and (2) the reliability of the underlying circumstances or manner in which the informant obtained his or her information. *State v. Cheers,* 102 Wis. 2d 367, 395, 306 N.W.2d 676, 688 (1981).

In *Illinois v. Gates,* —— U.S. ——, 51 U.S.L.W. 4709, 4716 (1983), the Supreme Court abandoned the *Aguilar* test:

[W]e conclude that it is wiser to abandon the "two-pronged test" established by our decisions in *Aguilar* and *Spinelli.* In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. . . . We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from *Aguilar* and *Spinelli.* [Footnote omitted.]

Under the circumstances, the police had sufficient information to reasonably conclude that defendant was committing a crime and that the informants working with them were reliable and had obtained their information in a reliable manner. The officers were working with Department of Justice agent Schultz, who obtained his information from two police informants. One in-

formant told Schultz of an intended sale of drugs between defendant and Skaff at the Ramada Inn on February 8, 1980. Schultz observed the encounter between Skaff and defendant, thus corroborating the informant's information. The other informant contacted Skaff and purchased cocaine from him. The informant also told Schultz that Skaff told him that he obtained the cocaine from a man named "Joe" and that "Joe" would be coming by public transportation to La Crosse in the early morning hours of March 1st with drugs to sell.

When defendant got off the 3:53 a.m. train on March 1st, which was the only public transportation arriving in La Crosse in the early morning hours, Schultz identified him as the man he saw with Skaff at the Ramada Inn.

The information provided by one of the informants was verified independently by Schultz when he saw defendant and Skaff meet at the Ramada Inn. The second informant had provided information in the past which led to arrests. This establishes that he was a reliable informant. *State v. Paszek,* 50 Wis. 2d 619, 629, 184 N.W.2d 836, 842 (1971).

Reliability of information is established when the informant's otherwise hearsay story of cocaine possession by defendant is corroborated by the fact that defendant, matching the informant's description, was recognized by agent Schultz at the time and place predicted by the informant. *Id.* at 630, 184 N.W.2d at 842.

Under the totality of the circumstances, the police officers had probable cause to arrest defendant without a warrant. The trial court did not err by denying defendant's motion to dismiss due to an illegal arrest.

## PROBABLE CAUSE FOR SEARCH WARRANT

Defendant contends that Lieutenant Dunham's affidavit in support of the search warrant used to search

his suitcase was insufficient under *Aguilar, supra,* and did not establish probable cause. As we noted above, the *Aguilar* analysis is no longer to be used in determining the validity of search warrants. In reviewing the sufficiency of an affidavit on which a search warrant was based, we are confined to the record established before the magistrate at the time the warrant was issued. *Scott v. State,* 73 Wis. 2d 504, 508, 243 N.W.2d 215, 217 (1976). A magistrate's determination of probable cause should be paid great deference by reviewing courts. *Spinelli v. United States,* 393 U.S. 410, 419 (1969).

The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed. [Citation omitted.]

*Gates,* —— U.S. at ——, 51 U.S.L.W. at 4716. The facts recited above were included in Lieutenant Dunham's affidavit. The magistrate had sufficient reliable information, under the circumstances, to determine that probable cause existed to believe that controlled substances were contained in defendant's suitcase.

Defendant complains that the affidavit does not sufficiently detail the manner of testing used by the officers in determining that the white powder found in defendant's boot was cocaine. The affidavit states that a field test was done on the substance and a positive test result for cocaine was obtained. Elaborate specificity is not required in the drafting of an affidavit for a search warrant. *Scott,* 73 Wis. 2d at 510, 243 N.W.2d at 218. The affidavit gave the magistrate sufficient information to

determine that cocaine was found on defendant's person when he was searched after his arrest.

The magistrate correctly determined that probable cause existed to support the warrant to search defendant's suitcase. The trial court did not err by denying defendant's motion to suppress the evidence obtained in the search.

## JURISDICTION TO SENTENCE

Finally, defendant argues that the trial court did not have jurisdiction to sentence him on May 27, 1981, because it failed to enter a judgment of conviction prior to sentencing pursuant to sec. 972.13, Stats. The state argues that the trial court entered the judgment of conviction *nunc pro tunc* on January 8, 1982, and the sentencing was therefore valid as if the judgment had been entered the day sentencing took place.

Construction of a statute is a question of law which we review independently on appeal. *Revenue Dept. v. Milwaukee Brewers,* 111 Wis. 2d 571, 577, 331 N.W.2d 383, 386 (1983). We agree with defendant that the trial court lacked jurisdiction to sentence him under sec. 972.13, Stats.

Section 972.13, Stats., explicitly states that *"upon a judgment of conviction* the court shall either impose or withhold sentence. . . ." Without such a judgment of conviction, a trial court cannot impose sentence. In *Spiller v. State,* 49 Wis. 2d 372, 378, 182 N.W.2d 242, 245 (1971), the supreme court stated:

[T]he new Criminal Code, sec. 972.13, Stats., now provides expressly for a formal judgment of conviction to be entered upon a verdict of guilty, a finding of guilty, or a plea of guilty, or no contest. Therefore, the sentence,

if one is imposed, must be imposed upon a "judgment of conviction." [Footnote omitted.]

A judgment of conviction was not entered at the time defendant was sentenced. It was not entered until almost eight months after the trial court sentenced defendant. The trial court did not have jurisdiction to sentence defendant because it was not sentencing him "upon a judgment of conviction" as required by sec. 972.13, Stats. We reverse defendant's sentence of three years' imprisonment and remand for sentencing only. Having determined that the cause must be remanded for sentencing, we do not reach the question of whether the trial court abused its discretion by sentencing defendant to three years imprisonment.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded for further proceedings consistent with this opinion.