IN the INTEREST OF COURTNEY E., a person under the age of 18:

STATE of Wisconsin, Petitioner-Appellant,

v.

COURTNEY E., Respondent-Respondent-Petitioner.

Supreme Court

*No. 93–0368–FT. Oral argument May 25, 1994.—Decided June 14, 1994.*

■■■■■■

(Also reported in 516 N.W.2d 422.)

593

For the petitioner-appellant there was a brief by *Francis D. Collins,* assistant district attorney, Hudson and oral argument by *Francis D. Collins.*

For the respondent-respondent-petitioner there were briefs and oral argument by *Margaret A. Maroney,* assistant state public defender.

STEINMETZ, J.  The issues in this case are as follows:

1)   Does the court of appeals have the authority to grant a motion for summary judgment brought by one party in the circuit court when the circuit court does not expressly rule on that motion but instead grants the opposing party's motion to dismiss?

2)   Is a petition requesting that a court exercise jurisdiction over a child alleged to be in need of protection or services (CHIPS petition) sufficient pursuant to sec. 48.255, Stats.,[1] when the petition alleges and contains information which gives rise to a reasonable

---

[1] Section 48.255, Stats., provides as follows:

**48.255 Petition; form and content.  (1)**   A petition initiating proceedings under this chapter shall be entitled, "In the interest of (child's name), a person under the age of 18", and shall set forth with specificity:

(a)   The name, birth date and address of the child.

inference sufficient to establish probable cause that the child is a victim of sexual abuse but fails to contain information giving rise to a reasonable inference sufficient to establish probable cause that the child is in need of protection or services which can be ordered by the court?

We hold that the court of appeals does have the authority to grant a motion for summary judgment when one party brings that motion in the circuit court but the court does not expressly rule on the motion and instead grants the opposing party's motion to dismiss. We also hold that a CHIPS petition that only alleges and contains information giving rise to a reasonable inference sufficient to establish probable cause that a child is a victim of sexual abuse is not sufficient pursuant to sec. 48.255, Stats. Section 48.255 requires that a sec. 48.13[2] CHIPS petition also allege and contain

(b)   The names and addresses of the child's parent, guardian, legal custodian or spouse, if any; or if no such person can be identified, the name and address of the nearest relative.

(c)   Whether the child is in custody, and, if so, the place where the child is being held and the time he or she was taken into custody unless there is reasonable cause to believe that such disclosure would result in imminent danger to the child or physical custodian.

(d)   If violation of a criminal statute, an ordinance or another law is alleged, the citation to the appropriate law or ordinance as well as facts sufficient to establish probable cause that an offense has been committed and that the child named in the petition committed the offense.

(e)   If the child is alleged to come within the provisions of s. 48.13(1) to (11) or 48.14, reliable and credible information which forms the basis of the allegations necessary to invoke the jurisdiction of the court and to provide reasonable notice of the conduct or circumstances to be considered by the court together with a statement that the child is in need of supervision, services, care or rehabilitation.

[2] Section 48.13, Stats., provides in relevant part:

information which at least gives rise to a reasonable inference sufficient to establish probable cause that the child is in need of protection or services which can be ordered by the court. Because the petition in this case failed to satisfy this requirement, the circuit court properly granted the motion to dismiss. We therefore reverse the decision of the court of appeals.

The following facts are not in dispute. St. Croix County Department of Human Services (St. Croix DHS) filed a CHIPS petition, on October 30, 1992, requesting that the circuit court for St. Croix county exercise jurisdiction over Courtney E. The petition alleged that Courtney "is a child in need of protection or services, within the meaning of *Wis. Stat.* 48.13(3), in that she is the victim of sexual abuse." As the factual basis for this allegation, St. Croix DHS stated that "Courtney [ ] is a juvenile female resident of St. Croix County, Wisconsin, whose date of birth is 1/27/78. . . . Courtney [ ] is presently pregnant . . . and has a delivery date of 4/22/93, by which time she will not yet have attained the age of sixteen . . .."

Courtney moved to dismiss the petition claiming that the petition failed to allege sufficient facts from which a magistrate could infer that the court should have jurisdiction over her pursuant to sec. 48.13, Stats. The circuit court for St. Croix county, the Honorable Eric J. Lundell, granted Courtney's motion to dismiss without prejudice. The court concluded that the peti-

---

**48.13 Jurisdiction over children alleged to be in need of protection or services.** The court has exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court, and:

. . .

(3) Who has been the victim of sexual or physical abuse including injury which is self-inflicted or inflicted by another by other than accidental means;

tion was defective "because it fails to tell why the child is in need of protection and services . . .."

St. Croix DHS filed a first amended CHIPS petition on November 30, 1992. This petition, while substantially the same as the original, added the fact that records from the Ramsey Clinic indicated that Courtney's pregnancy resulted from sexual activity with her 21-year-old boyfriend.

Courtney moved to dismiss this first amended petition. St. Croix DHS moved for summary judgment claiming that based on the undisputed facts in the petition, Courtney was the victim of sexual abuse as a matter of law. This alone, according to St. Croix DHS, gave the court jurisdiction over Courtney pursuant to sec. 48.13, Stats.

Following a hearing on the two motions, the circuit court granted Courtney's motion to dismiss with prejudice.[3] The court held that the information from the records of the Ramsey Clinic was privileged and was not properly before the court. Accordingly, the first amended petition was identical to the original petition and also failed to explain why the child was in need of protection or services. Because the dismissal disposed of the entire matter, the court "defer[red] as moot the motion on summary judgment . . .."

St. Croix DHS appealed the order of the circuit court dismissing the CHIPS petition. The court of appeals reversed, holding that the CHIPS petition was sufficient, as a matter of law, to give the circuit court jurisdiction over Courtney pursuant to sec. 48.13,

[3] The attorney for St. Croix DHS advised the circuit court that he had no further information to add to the petition. At the attorney's suggestion, the court dismissed the petition with prejudice rather than allow St. Croix DHS the opportunity to file a second amended petition.

Stats. The court of appeals not only reversed the circuit court's order granting Courtney's motion to dismiss, but also granted St. Croix DHS's motion for summary judgment.

Courtney petitioned this court to review the court of appeals' decision. We granted the petition for review and now reverse the decision of the court of appeals.

We first consider Courtney's argument that the court of appeals exceeded its authority when it granted St. Croix DHS's motion for summary judgment after the circuit court failed to expressly rule on the motion. According to Courtney, the court of appeals' decision represents an exercise of original, not appellate, jurisdiction. The court of appeals only has original jurisdiction to grant prerogative writs. *See* Wis. Const. Art. VII, sec. 5(3).[4] Thus, Courtney claims, the court of appeals lacked the authority to grant the motion for summary judgment. We disagree.

St. Croix DHS brought a motion for summary judgment in the circuit court. Summary judgment is an appropriate procedure in CHIPS cases. *In Interest of F.Q.,* 162 Wis. 2d 607, 612, 470 N.W.2d 1 (Ct. App. 1991). The circuit court held a hearing to address both Courtney's motion to dismiss and this motion for summary judgment. After reviewing both motions, the court decided to grant the motion to dismiss. That deci-

---

[4] Wisconsin Const. Art. VII, sec. 5(3) provides as follows:

The appeals court shall have such appellate jurisdiction in the district, including jurisdiction to review administrative proceedings, as the legislature may provide by law, but shall have no original jurisdiction other than by prerogative writ. The appeals court may issue all writs necessary in aid of its jurisdiction and shall have supervisory authority over all actions and proceedings in the courts in the district.

sion, in effect, denied St. Croix DHS's motion for summary judgment. The circuit court's statement that it "defers as moot the motion on summary judgment" does not change our conclusion that the order served as a denial of the motion for summary judgment. The losing party, St. Croix DHS, sought review of this decision in the court of appeals.

Section (Rule) 808.09, Stats., defines the authority of the court of appeals when that court reviews orders of a circuit court:

> Upon an appeal from a judgment or order an appellate court may reverse, affirm or modify the judgment or order as to any or all of the parties . . ..

Here, the court of appeals did not exercise original jurisdiction. It merely reversed the order of the circuit court as to both the motion to dismiss and the motion for summary judgment. The court of appeals certainly has the authority to do this pursuant to sec. (Rule) 808.09. Hence, we reject Courtney's argument and hold that the court of appeals did not exceed its authority when it granted St. Croix DHS's motion for summary judgment.

We next decide whether the court of appeals properly granted this motion for summary judgment. When reviewing a motion for summary judgment, we apply the same methodology in the same manner as the trial court. *Robinson v. Mt. Sinai Medical Center,* 137 Wis. 2d 1, 14, 402 N.W.2d 711 (1987). First, we review the sufficiency of the CHIPS petition. *See id.* at 14–15. If the petition is sufficient, we determine whether any factual issues exist and whether the St. Croix DHS is entitled to judgment as a matter of law. *See id.* at 15. If

the petition is not sufficient, we dismiss it. *See* sec. 48.255(3), Stats.

■■■■

For a CHIPS petition to be sufficient, it must satisfy the requirements of sec. 48.255, Stats. In particular, the petition must provide "reliable and credible information which forms the basis of the allegations necessary to invoke the jurisdiction of the court . . .." Section 48.255(1)(e). Pursuant to sec. 48.13:

> The court has exclusive original jurisdiction over a child alleged *to* be in need of protection or services which can be ordered by the court, *and:*
>
> . . ..
>
> **(3)** Who has been the victim of sexual or physical abuse . . ..

(Emphasis added.) In other words, for St. Croix DHS's CHIPS petition to be sufficient, it must allege and provide reliable and credible information that: 1) Courtney is in need of protection or services which can be ordered by the court; and 2) Courtney has been the victim of sexual abuse.[5]

The CHIPS petition in this case alleges that Courtney was the victim of sexual abuse. In support of this allegation, the petition states that Courtney was pregnant and would not have reached the age of 16 by the expected date of her delivery.

---

[5] Section 48.13, Stats., lists 14 separate circumstances in which a court has jurisdiction over a minor who meets the first criteria—in need of protection or services which can be ordered by the court. In this case, St. Croix DHS has only alleged one of the 14 criteria, that Courtney was the victim of sexual abuse. Hence, this opinion will only refer to this particular basis for jurisdiction.

When reviewing this information for compliance with sec. 48.255, Stats., "the same principles which govern the sufficiency of criminal complaints should apply." *In Interest of L.A.T.*, 167 Wis. 2d 276, 283, 481 N.W.2d 493 (Ct. App. 1992). A criminal complaint must contain facts "which are themselves sufficient or give rise to reasonable inferences which are sufficient to establish probable cause." *State ex rel. Evanow v. Seraphim*, 40 Wis. 2d 223, 226, 161 N.W.2d 369 (1968).

In Wisconsin, "[w]hoever has sexual contact or sexual intercourse with a person who has not attained the age of 16 years is guilty of a Class C felony." Section 948.02(2), Stats. The petition states that Courtney was pregnant and had not attained the age of 16 years. It follows that she was the victim of a Class C felony. We find that this is sufficient to give rise to a reasonable inference sufficient to establish probable cause that Courtney was the victim of sexual abuse. Hence, the petition satisfies the requirements of sec. 48.255 as to this allegation.

This, however, is not enough. As mentioned above, the petition must also allege and contain information which at least gives rise to a reasonable inference sufficient to establish probable cause that Courtney is in need of protection or services which can be ordered by the court. *See* sec. 48.13, Stats. The petition in this case states only that Courtney "is a child in need of protection or services, within the meaning of *Wis. Stat.* 48.13(3), in that she is the victim of sexual abuse." The petition offers no information, aside from the facts relating to her age and pregnancy, to support the allegation that Courtney is in need of protection or services that the court can provide.

It is altogether possible, based on the face of the petition, that Courtney is receiving all of the protection and services that she needs from her family. The legislature could not have intended for courts to have jurisdiction over a pregnant minor in such a situation. We conclude that a sec. 48.13, Stats., CHIPS petition is not sufficient unless it contains information which at least gives rise to a reasonable inference sufficient to establish probable cause that there is something that the court could order for the child that is not already being provided. For example, the petition in this case could have stated that Courtney has been abandoned by her parents; that her parents are unable or refuse to care for her; or that her parents refuse to provide her with the medical care essential for a pregnant minor. In any event, the petition must on its face provide a reason, beyond her pregnancy and age, why Courtney is in need of court-ordered protection or services. St. Croix DHS's petition failed to do this. Hence, we hold that the petition was not sufficient pursuant to sec. 48.255.

According to sec. 48.255(3), Stats., "[i]f the information required under sub. (1)(d) or (e) is not stated the petition shall be dismissed or amended under s. 48.263(2)." St. Croix DHS's petition did not state the required information. In addition, St. Croix DHS made it clear to the circuit court that it did not intend to further amend its petition. Therefore, the circuit court properly dismissed the CHIPS petition with prejudice. Because the petition was not sufficient, St. Croix DHS's motion for summary judgment must fail.

We hold that the court of appeals has the authority to grant a motion for summary judgment when one party brings the motion in the circuit court and the

circuit court does not expressly rule on that motion but instead grants the opposing party's motion to dismiss. We also hold that a CHIPS petition is not sufficient pursuant to sec. 48.255, Stats., when the petition fails to contain information giving rise to a reasonable inference sufficient to establish probable cause that the child is in need of court-ordered protection or services.[6] Because St. Croix DHS's petition failed to contain such information, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.

---

[6] Because our holdings today dispose of the entire appeal, we will not decide the other issues raised. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663 (1938).